245 So.2d 223 (1971)
Christopher E. CLAWSON and Dennis M. Cochrane, Petitioners,
v.
Paul BAKER, Judge of the Criminal Court of Record, Dade County, Florida, Respondent.
No. 40740.
Supreme Court of Florida.
March 3, 1971.
Bernard Berman, Miami, for petitioners.
Robert L. Shevin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
*224 ADKINS, Justice.
This is an original proceeding in mandamus wherein Petitioners, charged with a crime, seek an alternative writ commanding the Respondent Judge to either dismiss a criminal case or show cause why he has not done so.
Petitioners were arrested and released on bond on June 24, 1970. This was during a term of court which began on June 9, 1970, and will be referred to herein as "Term One." On July 1, 1970, during Term One, Petitioners filed a written demand for speedy trial.
A new term (herein referred to as Term Two) began August 11, 1970, and on this date the second demand for speedy trial was filed.
Another term (herein referred to as Term Three) began on October 13, 1970, and a demand for speedy trial was filed on October 14, 1970.
The next term (herein referred to as Term Four) began December 8, 1970, and a demand for speedy trial was filed on December 9, 1970. On December 14, 1970, during Term Four, Petitioners moved ore tenus for discharge under Fla. Stat. § 915.01(2), F.S.A. This motion for discharge was denied by the Respondent trial Judge upon the ground that the statute was unconstitutional.
Petitioners filed the written demands for trial as required by the provisions of the statute. However, the statute requires, under such circumstances, that Petitioners be brought to trial "at or before the third full term after the date" they are first committed. Term One could not be considered as a "full term" after Petitioners were committed, so they were not entitled to discharge until after the expiration of Term Four. The first "full term" was Term Two, as described above, the second "full term" was Term Three, and the third "full term" was the fourth term or the term beginning December 8, 1970.
It should be noted that in State ex rel. Leon v. Baker, 238 So.2d 281 (Fla. 1970), the Defendant filed a demand the last day of the term in which he was arrested, the first day of the next, or second, term, the last day of the third term, and sought his release on the last day of fourth term. In the case sub judice, the fourth term had not expired at the time Petitioners sought their release.
The Petitioners having prematurely sought their release, the Respondent Judge did not commit error in denying their motion for discharge.
The constitutionality of the statute was, therefore, not before the Judge and his order denying the motion for discharge should not be considered as an adjudication that the statute is unconstitutional.
The petition for alternative writ of mandamus is denied and these proceedings are dismissed.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD and DEKLE, JJ., concur.