CARROLL, Judge.
This is an appeal by the state from an order of the criminal court of record of Dade County dismissing an amended information. On February 17, 1970, an information 'was filed against Shelby Pollack, Samuel D. Roseman, Vito De Santo and Samuel L. Eisenberg. The information was in three counts. The first and second counts involved all four defendants. The first charged them with the crime of conspiracy to commit grand larceny. In the second count they were charged with grand larceny. The third count, against Roseman and Eisenberg only, charged them with issuing a worthless check.
On April 13, 1970, the last day of the February term, two of the defendants, Pollack and Eisenberg, moved to dismiss the information for insufficiency. On May 8, in the April term, the trial court granted their motion to dismiss, as to counts one and two with leave to the state to amend within ninety days. The motion to dismiss was denied as to count three.
Within the time allowed, on June 26, 1970, the state filed an amended information, thereby amending as to counts one and two, and repeating count three but eliminating therefrom the defendant Rose-man, leaving Eisenberg as the only defendant involved in count three.
On August 6, 1970, defendants moved to dismiss the amended information. Their motion was denied, and, according to the minutes, “The court recessed the trial of this cause until 2:00 P.M., August 7, 1970.” However, on August 6, 1970, the state attorney nol prossed the original information of February 17, 1970.
On August 11, 1970, which was the first day of the August term, being the first day of the third term after the term in which the defendants were first committed, the trial court discharged the defendants Pollack and Eisenberg upon granting their motion and contention that they were entitled to dismissal for having filed demands for speedy trial in three successive terms, under ch. 915 Fla.Stat., F.S.A.; and on the further ground that the amended information “changed material allegations and altered matters of substance” (the latter having reference to counts one and two). The state filed this appeal from that order. We find the order of the trial court was in error, and reverse.
To the extent that the defendants were discharged on the theory that they *550 had filed requests for speedy trials m three successive terms and that they had not been brought to trial within the time required by law with reference thereto, the trial court was in error (aside from the question of the delay caused by the defendants by successfully moving to dismiss and requiring amendment of the ■ information) because three full terms had not elapsed after the term in which the defendants were first committed. The order of dismissal was made on the first day of the third term after the term of commitment. See Clawson v. Baker, Fla.1971, 245 So.2d 223.
Regarding the ground relied on by the trial court that the amended information “changed material allegations and altered matters of substance,” we are unable to agree that such occurred. In each of the first two counts, as to which the trial court had granted the defendants’ motion to dismiss for insufficiency and allowed amendment, the property alleged as the subject of the larceny was described only in a general manner, as “miscellaneous electrical fixtures.” In-the amended information relating to those counts the property was described with particularity, viz.: “12 shades, 6 switch plates, 6 bulbs, 4 lamps.” The other change was that in amending count two the state eliminated one of the four defendants originally named .therein, to-wit: Roseman. It appears, therefore that the amendment as to counts one and two served to eliminate the uncertainty and insufficiency for which they had been dismissed.
We find no merit in the contention of appellee Eisenberg (the only defendant in amended count three) that nolle prose-qui of the original information after the filing of an amended information including count three was reason in law to dismiss him from the latter count.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.