PEARSON, Chief Judge.
The State appeals an order discharging the appellee from prosecution under an information filed February 17, 1970, in a cause entitled, “State of Florida v. Vito De Santos also known as Vic Dante.” The trial judge dismissed the information because the State had abandoned the prosecution against the appellee in other cases, “the only difference being the alleged victims had different names and the amounts involved varied.” The court stated:
“It appears to the Court that the State was cognizant of the charge contained in the above-entitled information, as evidenced by the evidentiary exhibits attached to the defendant’s Verified Mo *290 tion for Discharge but did not respond to the many demands of the Defendant for a speedy trial.
The Court being of the opinion that more than three consecutive Terms of Court had expired since the date of Defendant’s original arrest in September, 1969, and (he) was not brought to trial as required by law from the time he was first committed to custody,
IT IS THEREUPON ORDERED that Defendant’s Motion for Discharge be and the same is hereby granted.”
We reverse.
From this record it affirmatively appears that the appellee was arrested on the instant charge sometime after February 17, 1970. The charge was dismissed for failure of the court to provide a speedy trial on November 4, 1970. The appellee concedes that three full terms of court did not pass between the date of the first demand for speedy trial after the filing of the new information on February 17, 1970, and the dismissal for failure to provide speedy trial. See Clawson v. Baker, Fla.1971, 245 So.2d 223. However, appellee urges that he was entitled and the court correctly granted dismissal because of a violation of the constitutional right to a fair trial, see Dickey v. Circuit Court, Gadsden County, Quincy, Fla., Fla.1967, 200 So.2d 521. The violation of this right is claimed upon the basis of the trial judge’s finding that the State was cognizant of the charge contained in the information even though ap-pellee was not arrested thereon. The finding that the State was cognizant of the charge is not sufficient to begin the running of the constitutional right to a speedy trial as differentiated from the requirements of the statute of limitations. See F.S.A. § 915.03. Any other holding would render the statute of limitations meaningless.
The order of discharge entered in the Criminal Court of Record in and for Dade County, case no. 70-1265-C and dated November 4, 1970, filed November 12, 1970, in a cause entitled, “State of Florida v. Vito De Santos also known as Vic Dante” is reversed. The cause is remanded to the Criminal Court of Record in and for Dade County, Florida, with directions to set an early trial date and to proceed thereupon in accordance with law.
Reversed and remanded.