PER CURIAM.
Defendant appeals a judgment of conviction and sentence based upon a jury verdict finding him guilty of carrying a firearm on his person in such manner as to attempt to conceal it from the ordinary sight of others.
Appellant contends that the trial court erred in rejecting his defense of former jeopardy. The facts in the case insofar as they relate to this point on appeal are as follows. Appellant was informed against in two separate informations, one charging him with the offense of assault with intent to commit murder and another with carrying a concealed weapon on his person. After his trial and acquittal on the charge of assault with intent to commit murder, his case on the remaining charge was set for trial. In response to this information appellant moved to dismiss the charge on the ground of former jeopardy, which motion was denied. It is his contention that the offense of carrying a concealed weapon arose out of the same occurrence which gave rise to the charge of assault with intent to commit murder and is therefore a lesser offense included in the greater one for which he was tried and acquitted.
The defense interposed by appellant to the charge of assault with intent to commit murder was that of self-defense. In the trial of that case it was neither necessary nor relevant that the State prove whether the firearm used by appellant in the commission of the offense charged was concealed or not.
It is our view, and we so hold, that the offense of carrying a concealed weapon is not a lesser one included in the greater offense of assault with intent to commit murder. It follows that the trial of one charged with the latter offense does not preclude a subsequent trial for the former because of the constitutional guarantee against former jeopardy. The decision rendered by the Supreme Court of the United States in Waller v. Florida [1] relied on by appellant is inapposite and does not serve as support for his position.
*743 We have carefully considered the remaining points urged by appellant for reversal of the judgment appealed but find them to be without substantial merit.[2]
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and SPECTOR, JJ., concur.

. Waller v. Florida, 397 U.S. 387, 90 S.Ot. 1184, 25 L.Ed.2d 435.

. See 23 C.J.S. Criminal Law § 1044, p. 1182; Infante v. State, (Fla.App.1967) 197 So.2d 542; Morgan v. State, (Fla.App.1962) 142 So.2d 308; F.S. § 59.041, F.S.A.