SPECTOR, Chief Judge.
Appellant seeks reversal of an order quashing an information against appellee charging him with carrying a concealed firearm. This charge arose out of the same transaction which resulted in an information being filed against appellee charging him with assault with intent to commit murder in the first degree. The latter charge was brought to trial first by the State and was disposed of by a directed verdict of acquittal. Thereafter, the instant information charging appellee with carrying a concealed firearm was called up for trial resulting in appellee’s motion to quash and the granting thereof.
It is clear from the arguments of counsel that the firearm involved in the case now being considered is the same weapon with which appellee was alleged to have made the assault charged in the information resulting in the acquittal.
The lower court’s order quashing and dismissing the instant information did not articulate the ground upon which it is based, nonetheless appellee states the issue succinctly in his well written brief thusly:
“The real problem is the question which remained unanswered in Ashe [Ashe v. Swenson [397 U.S. 436, 90 S.Ct. 1189], 25 L.Ed.2d 469], whether the ‘single transaction’ concept is an ingredient of the Double Jeopardy Clause and thus a binding standard to be applied to state prosecutions.”
Appellee’s statement of the question involved in this appeal is accurate except insofar as it implies that the single transaction concept was not answered in Ashe. A reading of that case convinces us that the decision turned on the principle of collateral estoppel and not on the single transaction concept. The former principle provides simply that “Where a previous judgment of acquittal was based upon a general verdict * * * [the rule of collateral estoppel] requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.” Ashe, supra, at 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 476.
The single or same transaction principle means simply that the phrase “same offense” as found in the Fifth Amendment’s double jeopardy clause; to wit, “nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * * ”, is to be construed to mean “same transaction” so as to require the prosecution of all the crimes committed during or arising out of the “same transaction” in one trial lest the “twice put in jeopardy” proscription be contravened.
But she is not bottomed on the same transaction test. That theory is expounded only in the concurring opinion of Mr. Justice Brennan which attracted the concurrence of only two others, Justices Douglas and Marshall. In a more recent decision, Simpson v. State of Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549, wherein the court applied the collateral estoppel rule of Ashe, we find that the “one criminal *800 episode” test [analogous to the same transaction test discussed above] continued to be espoused by only Justices Brennan and Douglas with Justice Marshall not participating in the decision.
So it is then that close examination of Ashe and its progeny gives no support to appellee’s contention that his separate trial on the charge of carrying a concealed firearm collides with the double jeopardy provision of the' constitution by reason of his earlier acquittal on the charges of assault with intent to commit murder in the first degree because the two offenses or crimes arose out of or occurred during the same transaction.
We recently considered a materially similar factual situation in Glaze v. State, Fla.App., 249 So.2d 742, and held that an acquittal on charges of assault with intent to commit murder did not foreclose a later trial on charges of carrying a concealed weapon — the two offenses arising out of the same occurrence — because the weapons charge was not a lesser included offense of the assault charge within the meaning of Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, and the constitutional guarantee against former jeopardy.
As in Glaze, supra, in the trial of the assault charge against appellee “it was neither necessary nor relevant that the State prove whether the firearm used by appellant in the commission of the offense charged was concealed or not”.
During oral argument in this case, counsel for appellee suggested that the testimony given by the witnesses in the assault trial clearly shows that while a weapon was possessed by appellee during the affray, such weapon was not in any way concealed. Appellee therefore contends that the evidence adduced in his assault trial negates one of the necessary elements which the State must prove to sustain the weapons charge; to wit, the fact of concealment. However, the State contends that merely that the weapon was not concealed during the assault itself does not prevent a showing that immediately before the weapon was exposed for the purpose of committing the assault, it was concealed. We cannot tell from reading the record of the assault trial whether appellee entered the juke brandishing the weapon openly or whether it was concealed in his pocket. Obviously, when appellee displayed the weapon during the alleged assault there was no concealment. But, that does not answer the concealment question before or after the assault. When viewed in this perspective, it is clear to us that the acquittal on the assault charge in no way forecloses a showing that appellee was carrying a concealed weapon in violation of the law at some time other than the time during which the assault itself took place.
Accordingly, the order quashing and dismissing the information is reversed and the cause is remanded for further proceedings.
JOHNSON, J., and MILLS, E. R., Jr., Associate Judge, concur.