PER CURIAM.
The relators in these original prohibition proceedings were informed against in early May, 1971, by a six-count information [all six counts being applicable to one of the relators and only three counts being applicable to the other], which information generally charged grand larceny and conspiracy to commit grand larceny.
During the summer of 1971 the relators, as defendants in the criminal court, attempted to get discovery of certain documents in the possession of the State Attorney. They were unsuccessful and the trial court entered an order which indicated that at any trial of the cause these documents would either be excluded or suppressed, and the State would not be permitted to use them. Upon the entry of such an order, the State nolle pressed the original information and refiled a new information in September, contending the same charges and the same counts.[1] Thereafter, the matter came on for hearing before the trial judge, at which time he examined the documentary evidence and discussed with counsel the complexities of the problem of preparing their defense and the State’s problem in scheduling the matter within 180 days of the defendants’ being taken into custody. State ex rel. Hanks v. Goodman, Fla.1971, 253 So.2d 129. Thereupon, even though he recognized it was beyond the 180-day period, he scheduled the trial at a time without the period because he found that exceptional circumstances existed which would bring it within subsection (f) of the speedy trial rule referred to in footnote 1. Said order reads in part as follows:
ifc * * % * ‡
“9. That from the time of arraignment unto September 3, 1971, the Defendants attempted to obtain compliance with the various discovery Orders entered by this Court and attempted to inspect the various documentary exhibits ordered to be produced, but the State failed to comply with the various Orders of Discovery, and on September 3, 1971, this Court, on its own Motion, entered its Order providing that ‘all documentary evidence ... be and the same is hereby suppressed and the State shall not be permitted to introduce said evidence at the time of trial . . . ’.
“10. That shortly after entering the above mentioned Order and on the same date, the State Attorney appeared in open Court and entered a nolle prosequi of the charges against both Defendants herein.
“11. That thereafter, the present case before the Court was filed with the Clerk of this Court on September 9, 1971, six (6) days after the date of the announcing of the nolle prosequi.
“12. That the arraignment of the Defendants BOREN and WATERMAN *261 was scheduled before this Court for September 28, 1971, twenty-five (25) days after the announcing of the nolle prose-qui' in the previous case and nineteen (19) days after the refiling of the charges in the present case.
* * * * * *
“14. That at the arraignment herein, the Defendants raised before the Court the previously announced complexity of the issues involved herein and the fact that they had been denied discovery in the previous case and that they had not yet been provided with the discovery, as ordered by the Court.
“15. That immediately after the actual arraignment and on the same date, the State Attorney demanded a trial date within one hundred and eighty (180) days, as set forth in the ‘Speedy Trial Rule’, however, the attorneys for the Defendants once again raised before the Court the complexity of the issues involved and that the State had failed to provide the necessary discovery required of it and the State then proffered to the Court that the discovery involved was contained in one and one-half (iy£) to two (2) files, and that the Defendants would have more than ample opportunity to prepare for the defense herein and the Court then, on its own Motion, ordered the State Attorney’s office to produce, in open Court, the various discovery that would be made available to the Defendants, pursuant to the Court’s prior Order of Discovery and pursuant to a general Order of Discovery in this case.
“16. That pursuant to the Order of this Court, on September 30, 1971, the Office of the State Attorney submitted and displayed, in open Court, six (6) voluminous expandable files, approximately two (2) feet thick, containing its investigation of the charges herein, a substantial portion of which was transcripts of testimony, and the various exhibits and documents to be offered at the time of trial, and said files were carted into and produced in open Court through the use of a hand-truck dolly.
“17. That the Court, upon the admission of the State Attorney that the instant case is unusual and complex, and upon observation and requested review of the six (6) voluminous files, on its own Motion, reset the trial herein for November 8, 1971; said resetting being based upon the Court’s opinion that the period of time until Octobér 26, 1971, is insufficient for the Defendants and their counsel to properly prepare to defend against the admitted complect and unusual charges as contained in the Information and as demonstrated by the volumi-. nous files of the Office of the State Attorney and the lengthy List of Witnesses filed by the State Attorney in the previous case.
“18. That the Court, in setting said case for November 8, 1971, is mindful of the fact that it has set the trial herein for more than one hundred and eighty (180) days after both the filing of the original Information in Case No. 71-3780 and more than one hundred and eighty (180) days after the arrest of both Defendants in Case No. 71-3780, but within one hundred and eighty (180) days of the refiling of the instant case. The Court finds that the current posture of this case has been brought about solely by the actions of the State and that the Defendants have caused no delay in either the original case or in this case and that the Defendants have continuously been available for trial herein since both the time of the filing of the Information and since the time of their arrests.”
>}C ‡ % *
These causes were then instituted by suggestions for writs of prohibition being filed by the individual relators. Rule nisis were issued and the causes came on for oral argument before the court. Following oral argument, we have determined to consolidate these cases for purposes of opinion and disposition.
*262 The State contends that because of exceptional circumstances and the complexities of the documentary evidence involved in this case, the trial judge was justified in setting the trial beyond the 180-day period. We do not so agree. Any exceptional circumstances or complexities involved in the preparation of the defense case were occasioned by the delay of the State in producing the documentary evidence pursuant to the discovery orders which had been entered during the summer of 1971. Any exceptional circumstance which was brought about in the instant case was occasioned by delay on the part of the State. We do not believe that this should constitute exceptional circumstances justifying a delay in a trial. Therefore, we find that the trial judge having determined that the State delayed in making discovery could not then find that an exceptional circumstance was created justifying a trial date beyond 180 days.
Having reached this conclusion and having so advised the respondent by this opinion, we anticipate that it will not be necessary to issue the rule absolute.

. The State does not even contend that this second information did not amount to a refiling of the first, as referred to in Rule 1.191(h) (2) 33 F.S.A., Speedy Trial, In re Florida Rules of Criminal Procedure, 245 So.2d 33.