261 So.2d 847 (1972)
Bill L. BRYANT, Relator,
v.
Uriel BLOUNT, Jr., Judge, Felony Court of Record, Volusia County, Florida, Respondent.
No. Q-219.
District Court of Appeal of Florida, First District.
May 2, 1972.
Rehearing Denied May 31, 1972.
James M. Russ, of Law Offices of James M. Russ, Orlando, for relator.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
SPECTOR, Chief Judge.
This is an original proceeding in prohibition in which relator seeks to prohibit the respondent from proceeding with further *848 prosecution of the relator on a charge of bribery. Relator also seeks an absolute discharge on grounds that his right to a speedy trial under the constitution, statutes and criminal procedure rules has been violated.
Relator was indicted for conspiracy to commit bribery by the Grand Jury in Orange County, Florida, on December 12, 1969. In January 1970, a direct information was filed in the Orange County Criminal Court charging relator with the same offense. Following his arrest he was released from custody on bail.
At the time of this charge an accused person's right to a speedy trial, in addition to the broad constitutional language, was determined by the statutory provisions of Chapter 915, Florida Statutes, F.S.A. Section 915.01(2), Florida Statutes, 1969, F.S.A., reads as follows:
"(2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witness is not prevented by himself, and he has filed no pleading seeking a continuance." (Emphasis added)
Having just been indicted, relator filed a statutory motion for speedy trial on the first day of the January 1970 term of the trial court. He was not tried during that term. He filed another motion demanding speedy trial during the March 1970 term of court. He was not tried then. He filed another motion for speedy trial during the May 1970 term. He was not tried then. He filed another motion demanding speedy trial at the beginning of the July 1970 term. He was not tried then either. He filed a motion demanding speedy trial during the September 1970 term. He was not tried then. He filed a motion for speedy trial at the beginning of the November 1970 term. He was not tried. He attempted to obtain a trial during the January 1971 term, but to no avail. Similar efforts to be afforded a trial were made by relator during the March 1971 term, May 1971 term and July 1971 term. These efforts too were met with the same stony silence on the part of the State that was produced by relator's earlier efforts.
The passage of the first three terms, that is, the January, March and May 1970 terms, would have required relator to be discharged but for the fact that before the May term had passed relator instituted mandamus, prohibition and/or certiorari proceedings in the appellate and Supreme Courts which were disposed of on July 29, 1970. Relator having sought review before the three terms had expired was thus himself at fault for the delay. Accordingly, he cannot, with respect to those three terms of court, be heard to complain that his statutory speedy trial protections were not afforded. Meeks v. State, 250 So.2d 854 (Fla. 1971).
Following his unsuccessful efforts to be discharged culminating with the Supreme Court's denial of July 29, 1970, relator filed additional motions for speedy trial under the statute during the September 1970, November 1970, and January 1971 terms of court. Of course, those three terms expired without relator being brought to trial. The March and May 1971 terms also expired without relator being tried, although motions requesting to be tried were filed by relator. Although the last enumerated five terms of court expired without relator being brought to trial, the State contends that the statutory entitlement to discharge was inapplicable because the State took an interlocutory appeal to review a pretrial deposition order, said appeal being filed December 8, 1970, and not decided until May 14, 1971. Respondent contends that the period during which said appeal was pending cannot be computed to determine the three successive terms in the speedy trial statute because said appeal resulted *849 in an automatic stay of the case pending its disposition by operation of Chapter 70-339, Section 149, Laws of Florida, now carried as Section 924.071, Florida Statutes, F.S.A. The 1970 law, so argues the State, provides a stay in the event of an appeal of any pretrial order and thus the appeal of the interlocutory order in this case effected a stay. We do not perceive the statute to be so broad. The order reviewed by interlocutory appeal in this case related to a pretrial deposition whereas the statute on which the State relies concerns appeals of orders relating to the dismissing of a search warrant, suppressing evidence obtained by search and seizure or suppressing a confession or admission made by a defendant. That is the class of order appeal of which serves to stay the cause under the statute.
The State concedes that prior to the enactment of Chapter 70-339, the class of orders the appeal of which result in a stay of the case was limited to those enumerated above but that the effect of Section 149 of Chapter 70-339 was to expand the class having such effect to any order appealed by the State. Reading subsection (2) in pari marteria with subsection (1) of Section 924.071, Florida Statutes, F.S.A., makes it clear that the purpose for providing a stay of the case in the event of an appeal is to prevent the State from having to go to trial without the benefit of materially helpful evidence because of an erroneous dismissal or suppression order entered by the trial court. Since we now hold that the State's appeal of December 8, 1970, is not within the purview of Section 924.071, we must perforce hold that the September 1970, November 1970, and January 1971 terms expired successively without relator being afforded the speedy trial to which he was entitled by virtue of his three successive demands therefor, beginning with the November 1970 term. Accordingly, the relator is entitled to be discharged from further prosecution of the charges pending against him in the Criminal Court of Record for Orange County. By relator's reply brief, we are advised that on December 17, 1971, the Judge of the Criminal Court of Record for Orange County granted relator's motion to dismiss with prejudice for denial of speedy trial as required by Chapter 915, Florida Statutes, F.S.A.; Florida Rules of Criminal Procedure 1.191(a) (2), 33 F.S.A.; Section 16, Declaration of Rights, Florida Constitution of 1968, F.S.A., and the Sixth and Fourteenth Amendments of the United States Constitution.
Apparently perceiving some difficulty in prosecuting relator in Orange County, the prosecutor there was able to effect the filing of a direct information against relator in the Felony Court of Record in Volusia County charging relator with bribery of a municipal officer. On January 15 and 18, 1971, petitioner filed a motion for speedy trial and on July 16, 1971, the State filed its motion requesting that a trial be set prior to August 24, 1971, so as to be in compliance with the newly adopted speedy trial rule, Florida Criminal Procedure Rule 3.191, F.S.A. The trial was set for August 23, 1971. On July 22, 1971, relator filed a motion for discharge in the Volusia County case for denial of speedy trial, which motion was denied. In its order of denial, the trial court found that the Orange County case and the Volusia County case were both based upon the same criminal conduct or episode. Relator contends that he was entitled to discharge of the Volusia County case because it was based on the same criminal conduct or episode which gave rise to the Orange County charges. We agree.
Rule 3.191(h) (2) reads in part as follows:
"The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new or different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi." (Emphasis added)
*850 It is clear from the language contained in the above cited portion of the speedy trial rule that the State is prohibited from extending the times designated in the rule within which a person accused of crime must be tried by the mere expedient of preferring new or different charges based on the same conduct. This seems to be precisely what occurred in this case. See this Court's recent opinion in State ex rel. Fouraker v. McCauley, opinion filed February 10, 1972, 258 So.2d 453, wherein we held that the time within which a person must be tried after demand under the speedy trial rule cannot be extended by the entry of a nolle prosequi by the prosecuting attorney.
The State's contention that the Volusia County charge of bribery is different than the Orange County charge of conspiracy, though correct, is of no significance within the context of the speedy trial rule as promulgated by the Florida Supreme Court. The two informations, though charging separate crimes, clearly charge crimes "based on the same conduct or criminal episode" in violation of the rule. Apparently, the State has confused the differences which exist in the two charges against relator as they relate to the orthodox inquiry ordinarily made by the courts in determining whether the double jeopardy clause of the constitution has been violated. Were the issue in the case at bar whether a charge of bribery could be brought against a defendant after he had been acquitted of conspiracy to commit bribery, an inquiry to be determined by constitutional double jeopardy implications, the State's position would be sound. The distinction between such two species of crimes is sufficient to withstand a "same offense" claim under the double jeopardy clause. But that is not the issue in this case. Here the question is whether the two crimes, though not the "same offense" for double jeopardy purposes, are "grounded on the same conduct or criminal episode" within the meaning of Rule 3.191(h) (2). The record in this cause makes it clear that the Volusia County case does not charge the same offense as did the Orange County case. However, it is equally clear that both charges, though separate offenses, are based on the same criminal episode. While double jeopardy constitutional questions continue to be determined by "same offense" standards, it seems that the language chosen by the Florida Supreme Court for its speedy trial rule establishes quite a different test for determining speedy trial questions. The test explicit in the language of the rule is the "same criminal episode" test championed by Mr. Justice Brennan in his dissenting opinion in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. See this Court's recent decision in State v. Williams, 254 So.2d 798, wherein we distinguished the "same offense" test from the "one criminal episode" test.
In view of the language selected by the Supreme Court in promulgating Section (h) (2) of the speedy trial rule, we deem it appropriate to point out for the benefit of those concerned with the prosecutive process that while the "same offense" standards of the double jeopardy clause in the state constitution do not prohibit prosecution of separate offenses grounded on the same conduct or criminal episode, the effect of Section (h) (2) requires such separate offenses to be tried within the time limits provided by Rule 3.191 in cases where the accused relies upon the protections newly afforded by the speedy trial rule.
Accordingly, for the above reasons, we hold that the trial court erred in denying the defendant's motion for discharge; that the same should be granted and the relator discharged; and that the respondent is prohibited from further exercising any jurisdiction on Information No. 1498, State of Florida v. Bill Bryant.
Prohibition granted.
CARROLL, DONALD K., and JOHNSON, JJ., concur.