273 So.2d 415 (1973)
STATE of Florida, Appellant,
v.
Herman BOREN and James Waterman, Appellees.
No. 72-676.
District Court of Appeal of Florida, Third District.
February 21, 1973.
*416 Richard E. Gerstein, State Atty., and Richard R. Snyder, Asst. State Atty., for appellant.
Gerald Kogan and Franklin D. Kreutzer, Miami, for appellees.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
The state seeks review of a dismissal of its information charging the appellee defendants with two separate acts of grand larceny while acting together and six separate acts of grand larceny by defendant Boren acting alone. This information was dismissed on the grounds that the state had failed to comply with the 180 day time requirement of CrPR 3.191, 33 F.S.A.
A total of three informations have been filed against the appellee defendants. The first was nolle prossed by the state and a second identical information was filed charging two counts of conspiracy to commit grand larceny and four counts of grand larceny. The conspiracy between defendants was alleged to have taken place between June 1, 1969, and June 30, 1970. The separate acts of grand larceny contained within the first and second informations are alleged to have occurred during that time. In a separate action for a writ of prohibition, this court held[1] that the state was precluded from proceeding to trial on those informations due to non-compliance with CrPR 3.191, in that the defendants were not brought to trial on said charges within 180 days of their incarceration. Subsequently, the state filed a third information, presently at issue, charging separate acts of grand larceny taking place within the time span of the prior dismissed conspiracy but differing in times from the specific acts alleged in the two previous informations. The alleged victim of all the crimes heretofore mentioned was the Del Rio Discount Corporation.
Upon motion of the defendants, the trial court dismissed the third information since it was based on the "same criminal episode" as the conspiracy counts previously charged in the first and second informations. The state has conceded that each of the substantive offenses alleged in all of the informations were either a direct or indirect result of the original conspiracy charged in the first and second informations.
The trial court's basis for dismissing the third information rests on CrPR 3.191(h) (2), which provides:
"(h)(2). Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a *417 nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new or different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi." [Emphasis supplied.]
The state contends that prosecution for conspiracy and a prosecution for a substantive offense arising out of the conspiracy do not necessarily constitute the "same conduct or criminal episode" within the meaning of the rule. That issue has previously been ruled on by the First District Court of Appeal in the case of Bryant v. Blount, Fla.App. 1972, 261 So.2d 847, cert. denied, Fla. 1972, 267 So.2d 82.
In Bryant, supra,[2] the court found that the later prosecution for the substantive offense was precluded by the violation of the "speedy trial rule" as to the offense of conspiracy. The court stated: (261 So.2d at 850)
"The State's contention that the Volusia County charge of bribery is different than the Orange County charge of conspiracy, though correct, is of no significance within the context of the speedy trial rule as promulgated by the Florida Supreme Court. The two informations, though charging separate crimes, clearly charge crimes `based on the same conduct or criminal episode' in violation of the rule. Apparently, the State has confused the differences which exist in the two charges against relator as they relate to the orthodox inquiry ordinarily made by the courts in determining whether the double jeopardy clause of the constitution has been violated. Were the issue in the case at bar whether a charge of bribery could be brought against a defendant after he had been acquitted of conspiracy to commit bribery, an inquiry to be determined by constitutional double jeopardy implications, the State's position would be sound. The distinction between such two species of crimes is sufficient to withstand a `same offense' claim under the double jeopardy clause. But that is not the issue in this case. Here the question is whether the two crimes, though not the `same offense' for double jeopardy purposes, are `grounded on the same conduct or criminal episode' within the meaning of Rule 3.191(h)(2). The record in this cause makes it clear that the Volusia County case does not charge the same offense as did the Orange County case. However, it is equally clear that both charges, though separate offenses, are based on the same criminal episode. While double jeopardy constitutional questions continue to be determined by `same offense' standards, it seems that the language chosen by the Florida Supreme Court for its speedy trial rule establishes quite a different test for determining speedy trial questions. The test explicit in the language of the rule is the `same criminal episode' test championed by Mr. Justice Brennan in his dissenting opinion in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. See this Court's recent decision in State v. Williams, [Fla.], 254 So.2d 798, wherein we distinguished the `same offense' test from the `one criminal episode' test.
"In view of the language selected by the Supreme Court in promulgating Section (h)(2) of the speedy trial rule, we deem it appropriate to point out for the benefit of those concerned with the prosecutive process that while the `same offense' standards of the double jeopardy clause in the state constitution do not prohibit prosecution of separate offenses grounded on the same conduct or criminal episode, the effect of Section (h)(2) requires such separate offenses to be tried within the time limits provided by Rule 3.191 in cases where the accused *418 relies upon the protections newly afforded by the speedy trial rule.
"Accordingly, for the above reasons, we hold that the trial court erred in denying the defendant's motion for discharge; that the same should be granted and the relator discharged; and that the respondent is prohibited from further exercising any jurisdiction on Information No. 1498, State of Florida v. Bill Bryant.
"Prohibition granted."
We are of the opinion that the case sub judice is directly on point with the issue presented in the Bryant case and that decision is controlling.
Therefore, the order of the trial court dismissing the third information is hereby affirmed.
Affirmed.
NOTES
[1] State ex rel. Boren v. Sepe, Fla.App. 1972, 256 So.2d 259, cert. discharged, Fla. 1972, 271 So.2d 116.
[2] In Bryant, however, the defendant was initially charged with conspiracy to commit bribery and later with a substantive charge of bribery.