279 So.2d 362 (1973)
The STATE of Florida, On the Relation of Michael GREEN, Relator,
v.
William A. PATTERSON, As Circuit Judge of the Sixth Judicial Circuit, IN AND FOR PINELLAS COUNTY, Florida, Respondent.
No. 72-924.
District Court of Appeal of Florida, Second District.
June 13, 1973.
Rehearing Denied July 16, 1973.
*363 Alan R. Williams, St. Petersburg, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for respondent.
HOBSON, Judge.
This is an original proceeding in prohibition. Michael Green filed his Suggestion for Writ of Prohibition in this court contending that the lower court is without jurisdiction to proceed with the prosecution of relator, and seeking an absolute discharge from the crimes under Florida's Speedy Trial Rule, RCrP 3.191, 33 F.S.A. We issued a rule nisi in prohibition, and the matter was heard and considered on the pleadings, briefs and arguments of counsel.
Pertinent facts disclosed by the suggestion are:
On February 21, 1972, relator was arrested for violations of the Narcotics Drug Law and Drug Abuse Law. On March 10, 1972, at a preliminary hearing the State entered a nolle prosequi to all charges. On May 3, 1972, the State filed informations grounded on the same criminal episodes which led to his arrest. The record shows that the capias issued on May 3, 1972 was served on September 18, 1972.
Relator was arraigned on October 6, 1972, pled not guilty, and trial was set for November 15, 1972. Relator filed his Motion for Discharge on October 18, 1972, pursuant to RCrP 3.191(a)(1) alleging that he had not been brought to trial within 180 days as provided by the rule. On October 26, 1972, a hearing was held on said motion, and on October 31, 1972, the lower court entered its order denying the motion.
At the hearing on the motion for discharge the arresting officer testified that after the capias was issued he made many attempts to serve it, to no avail. Shortly after it was issued he went to the home of relator's sister and then to his mother's home where he had been informed relator was staying. He told relator's mother the problem and requested that relator come to the police station. He told relator's mother the problem and requested that relator come to the police station. He then contacted relator's attorney and advised him that the police were looking for relator. He had information that relator was living for a few days at a time in Eden Isles Apartments and then moving to an unknown location on Redington Beach. However, he was unable to locate relator. Sometime in July or August, while the arresting officer was away, relator came to the police station to turn himself in. Relator's attorney stated that relator called him on August 2, 1972 about the case, and that from that point on he attempted to be served with the warrant. The arresting officer also filed a sworn affidavit setting forth the pertinent dates and information. The affidavit also showed that relator turned himself in on September 18, 1972, and that he knew he was wanted by the police department.
Under the Speedy Trial Rule the time within which a person must be tried *364 cannot be extended by the State entering a nolle prosequi to a crime charged and then prosecuting new or different charges based on the same conduct or criminal episode; Rule 3.191(h)(2).
However, if the State presents any evidence tending to show non-availability of the accused for a trial, the accused then must establish by competent proof his continuous availability during the required period of time; Rule 3.191(e); Cf. State ex rel. Kennedy v. McCauley, Fla.App. 1972, 265 So.2d 547; State v. Sutton, Fla.App. 1972, 269 So.2d 712.
At the hearing on the motion to ascertain the availability of relator under Rule 3.191(a)(1), the State produced competent evidence to show that although relator knew he was wanted by the police, and the police made a diligent effort to locate him, relator did not make himself available until August 2, 1972, as stated by relator's attorney. This evidence was not controverted by relator. The time within which trial should commence under the rule was held in abeyance, and began anew when relator became available on August 2, 1972.
The 180-day time period commenced to run from February 21, 1972, when relator was taken into custody; State ex rel. Allen v. Taylor, Fla.App. 1972, 267 So.2d 689, reversed on other grounds by the Supreme Court on March 21, 1973, 275 So.2d 238. Seventy-two days elapsed before the information was filed and the arresting officer attempted to serve the capias on him. Relator remained unavailable for trial until August 2, 1972, during which time the trial date was held in abeyance. He filed his motion for discharge on October 18, 1972, 77 days after he became available for trial.
Since trial was set within the 180-day time period, and relator filed his motion for discharge before the expiration of the 180-day period, we hold that the trial court was correct in denying relator's motion for discharge.
Accordingly, the writ of prohibition is Denied and the rule nisi heretofore entered is dissolved.
LILES, A.C.J. and McNULTY, J., concur.