PER CURIAM.
Upon due consideration of the briefs, oral argument and records in these consolidated appeals we are of the opinion that the trial court misconceived the legal effect of the evidence in granting defendants’ motion for discharge predicated upon the applicability of the speedy trial rule (section 3.191(h)(2), Fla.R.Crim.P.).
In particular, the informations filed against defendants in Orange County were based on separate substantive acts independent of those offenses previously set forth in Seminole County informations and were not as a matter of law “grounded on the same conduct or criminal episode” within the contemplation of Rule 3.191(h)(2), Fla.R. Crim.P. See State v. Boren, 273 So.2d 415 (Fla.3d DCA 1973); see also State ex rel. Meyer v. Keough, 325 So.2d 75 (Fla.2d DCA 1976). Moreover, the record does not reflect that any of the substantive offenses alleged in the Orange County informations were either a direct or an indirect result of the conspiracy charged in the Seminole County information.
Simply stated, the Orange County infor-mations were based upon separate criminal conduct and episodes alleging arsons which occurred at different times involving different owners, different property and different victims from those set forth in the Seminole County informations; the Orange County informations did not as a matter of law charge “a new crime grounded on the same conduct or criminal episode” within the meaning and contemplation of Rule 3.191(h)(2), supra.
Accordingly, the orders granting the defendants’ motions for discharge in these consolidated appeals are vacated and set aside and the cause remanded for further proceedings consistent herewith.
MAGER, C. J., ALDERMAN, J., and WEAVER, SIDNEY M.; Associate Judge, concur.