340 So.2d 1198 (1976)
Ernie RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2098.
District Court of Appeal of Florida, Fourth District.
December 10, 1976.
Richard L. Jorandby, Public Defender, and James R. Merola, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Ernie Richardson, appeals a judgment of guilty and imposition of sentence for grand larceny and attempted robbery. We reverse.
Appellant was arrested on September 10, 1974 for robbery that allegedly occurred in Palm Beach County on said date. Subsequently, appellant was released from custody.
*1199 Ten days thereafter, September 20, 1974, a criminal information was filed charging appellant in two counts with robbery alleged to have occurred on September 10, 1974. A capias then issued for appellant's arrest. The sheriff's department was unable to locate appellant due to an error in address contained in the capias. The capias set forth his address as 227 Northwest 36th Avenue, Pompano Beach, Florida. However, court records reflect that when initially arrested, appellant gave his address as 227 Northwest 6th Avenue, Pompano Beach, Florida.
On February 8, 1975 Palm Beach County Sheriff's Department was notified that appellant was in Broward County Jail on local charges. After trial on the Broward County charges, appellant, on April 18, 1975, was returned to Palm Beach County. On June 6, 1975 appellant filed a motion for discharge, alleging he had not been brought to trial within 180 days of his original arrest on September 10, 1974 as required by Fla.R. Crim.P. 3.191(a)(1). Appellant further alleged he has been continually available for trial since that date. The motion came on for hearing and was denied. Trial began on August 25, 1975, resulting in a jury verdict of guilty for the crimes of grand larceny and attempted robbery. Appellant was adjudicated guilty of these offenses on October 24, 1975, and sentenced to two concurrent five-years terms. This appeal followed.
The question for our determination is whether appellant's motion for discharge should have been granted.
Florida R.Crim.P. 3.191(a)(1) provides that a person charged with a felony shall without demand be brought to trial within 180 days. This time period "shall commence when [a] person is taken into custody as [the] result of the conduct [of] criminal episode giving rise to the crime charged." Under the speedy trial rule, the time within which a person must be tried cannot be extended by the state entering a nolle prosequi to a crime charged and then prosecuting new or different charges based on the same conduct or criminal episode. State ex rel. Green v. Patterson, Pinellas County, 279 So.2d 362 (Fla.2d DCA 1973); Bryant v. Blount, 261 So.2d 847 (Fla.1st DCA 1972); Fla.R.Crim.P. 3.191(h)(2). However, if the state presents any evidence tending to show non-availability of the accused for trial, the accused must then establish by competent proof his continuous availability during the required period of time. State ex rel. Green v. Patterson, Pinellas County, supra; Fla.R.Crim.P. 3.191(e).
In the instant case, a motion for discharge pursuant to the speedy trial rule was filed nine months after appellant was initially arrested and an information filed. The state contends appellant was unavailable for trial during that period and was not entitled to discharge. However, the record reflects appellant successfully met the burden of proving he would have been available for trial but for an error by the state. After release from the initial arrest, appellant was not re-arrested when the subsequent information was filed because the capias showed an address different than the one given by appellant upon his initial arrest and contained in his court record. During this period, until his incarceration in Broward County, appellant testified he resided at the address he had given when initially arrested; never left the state; did not conceal his identity nor attempt to elude police authorities. Thus, the delay in trial is not attributable to appellant and does not enlarge the 180 days from arrest in which the speedy trial rule requires that an accused individual be tried.
Accordingly, the judgment and sentence is vacated and set aside, and the cause remanded to the trial court with directions to discharge appellant, Ernie Richardson.
Reversed and remanded with directions.
DOWNEY and ALDERMAN, JJ., concur.