KEHOE, Judge
(dissenting).
I must respectfully dissent for the following reasons: The specific issue which this appeal presents for review is whether the arrest of appellant by Federal authorities for certain Federal offenses acted to commence the running of Florida Rule of Criminal Procedure 3.91 [speedy trial rule] for Florida offenses arising from the conduct giving rise to the Federal charges. The concept of “dual sovereignty” has been well established by the courts. For example, as described by Chief Justice Taft in United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922):
“We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject matter within the same territory. Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, *613 not that of the other.” 260 U.S. at 382, 43 S.Ct. at 142.
Based on the classic formulation of the “dual sovereignty” concept, the United States Supreme Court in Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), held that a federal prosecution does not bar a subsequent state prosecution of the same person for the same acts. To outlaw successive prosecution would enable one sovereign to interfere with administration of the other’s criminal law. The Supreme Court reaffirmed this “dual sovereignty” concept during its past term in United States v. Wheeler, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). There the Court held that Indian tribal courts and Federal district courts are not arms of the same sovereign for double jeopardy purposes.
In my opinion, against this background and absent some constitutional mandate not involved herein, implicit within Florida Rule of Criminal Procedure 3.191 is its application only to Florida criminal charges, involving Florida law enforcement, and involving Florida criminal episodes. Further, in my opinion, just as a Federal prosecution cannot bar a subsequent State prosecution of the same person for the same acts, I believe that appellees’ Federal arrest on Federal charges cannot act to commence the running of the Florida speedy trial time under Florida Rule of Criminal Procedure 3.191. Although I am unaware of any Florida authority directly on this point, The United States Court of Appeal, Ninth Circuit, in United States v. Cordova, 537 F.2d 1073 (9th Cir. 1976) relying on United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), ruled on a similar issue. There the court held that, although the defendant was arrested by state authorities on November 2, 1975, the determination of his right to a speedy trial for Federal charges, arising out of the same conduct,must be determined by reference to the later date of January 22, 1975, when Federal charges were initiated against him. In Cordova, the court clearly relied upon the “dual sovereignty” doctrine.
The trial court herein relied upon Bryant v. Blount, 261 So.2d 847 (Fla. 1st DCA 1972); and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1968); however, in my opinion, those cases are inapplicable as not involving “dual sovereigns;” therefore, I find them unpersuasive.
Further, I find no support in the record for the proposition that appellees were deprived of their constitutional rights to a speedy trial.
Based upon the reasons and the authorities set forth above, it is my opinion that, in the instant case, the 180 day period of Florida Rule of Criminal Procedure 3.191(a) had not expired as of the date of appellees’ supplemental motion to dismiss under the speedy trial rule; accordingly, the trial court’s order dismissing the cause and discharging appellees should be reversed.