387 So.2d 1060 (1980)
Dallas Eva WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2709/T4-337.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
*1061 Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Wright entered a nolo contendere plea to obtaining goods by use of a stolen credit card, and reserved his right to appeal the denial of his motion for discharge for violation of the "speedy trial" rule.[1] The lower court ruled the speedy trial time did not run from Wright's first arrest, (for which the 180 day period had run) because it involved different criminal conduct, or a different criminal episode than the one charged in this case. We disagree.
Seminole County deputies arrested Wright on August 5, 1974 in Seminole County for buying, receiving and concealing stolen property. The charge involved Wright's possession and purchase of two ten speed bicycles from the Maitland Bike Store, in Orange County on June 25, 1974, with a stolen credit card. These charges were dropped on August 13, 1974. On August 26, 1974, Orange County filed an information alleging Wright obtained the two ten speed bicycles on June 25, 1974, from the Maitland Bike Shop, by fraudulent use of a stolen credit card.
*1062 Orange County deputies attempted to arrest Wright, but they were unable to locate him at the address in their records at Blackwood Avenue in Altamonte Springs. At the time Wright was arrested by the Seminole County deputies he was living on Oakhurst, having moved there from Blackwood. He did not then know about the Orange County charges. When he heard Seminole dropped its charges against him, he moved to Deltona in Volusia County. He notified the U.S. post office and the telephone company of his new address. Wright was later arrested in Winter Park in December of 1977 on a different charge. Only then did Orange County finally arrest him on the original Orange County capias.
The "speedy trial" 180 day period begins to run when the defendant is arrested "as a result of the conduct or criminal episode giving rise to the crime charged."[2] Subsection (h)(2) of the rule provides that the speedy trial period shall not be avoided by allowing the state to nolle prosse a crime charged and later prosecute a new crime "grounded on the same conduct or criminal episode." (Emphasis supplied). What constitutes the "same conduct" or "criminal episode" is not defined in the rule. However, it has been given a much broader scope than the test for when prosecution is barred by double jeopardy. State ex rel. Meyer v. Keough, 325 So.2d 75 (Fla. 2d DCA 1976), cert. denied, 336 So.2d 601 (Fla. 1976); State v. Boren, 273 So.2d 415 (Fla. 3d DCA 1973); Bryant v. Blount, 261 So.2d 847 (Fla. 1st DCA 1972), cert. denied, 267 So.2d 82 (Fla. 1972).
Both of the charges against Wright involved his obtaining the same two ten speed bikes from the same store, on the same day. The fact that Wright allegedly obtained the bikes by use of a stolen credit card in Orange County, and subsequently held them in Seminole County might allow the prosecution to charge Wright with the commission of two different crimes,[3] but it is clear both crimes grew out of the same criminal episode. Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976).
State v. Evans, 338 So.2d 51 (Fla. 4th DCA 1976), cert. denied, 346 So.2d 1248 (Fla. 1977) is not controlling because in Evans, the defendant was charged with committing different acts of arson at different times, against different property and victims. Had Wright been charged with obtaining different merchandise from different stores, even if it were with the same stolen credit card on the same day, we would have found Evans persuasive.
We also reject the state's argument that the "speedy trial" period did not run because Wright left the county and was not "continuously available" for trial. Fla.R. Crim.P. 3.191(a)(1) necessitates a finding that the defendant was "continuously available for trial during such period of time for trial" prior to granting the defendant's motion for discharge. The lower court drew no such conclusion, nor was it required to do so since it denied the defendant's motion for discharge. However its findings clearly show Wright was "continuously available" for trial during the running of the 180 day period. Orange County failed to arrest Wright because it had an incorrect address.[4] The court found that Wright left his forwarding address with the U.S. post office and the telephone company. There was no testimony or finding that Wright was evading arrest in any way.[5]
The conviction is reversed and the defendant is discharged.
REVERSED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Fla.R.Crim.P. 3.191(a)(1).
[2] Fla.R.Crim.P. 3.191(a)(1). Wiggins v. State, 384 So.2d 43 (Fla. 1st DCA 1980).
[3] State v. Boren, 273 So.2d 415 (Fla. 3d DCA 1973); Bryant v. Blount, 261 So.2d 847 (Fla. 1st DCA 1972), cert. denied, 267 So.2d 82 (Fla. 1972).
[4] State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla. 4th DCA 1972).
[5] See State ex rel. Green v. Patterson, 279 So.2d 362 (Fla. 2d DCA 1973).