## FAZIO v. STATE OF FLORIDA
### Case No. 81-178-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
April 26, 1982

Bennett H. Brummer, Public Defender and Howard K. Blumberg, Assistant Public Defender, for appellant.

Jim Smith, Attorney General and Alan T. Lipson, Assistant Attorney General, for appellee.

Before DURANT, KOGAN, MOORE, JJ.

PER CURIAM.

---

This is an appeal from the adjudication of guilt entered following a plea of nolo contendere, specifically reserving the right to appeal, inter alia, the denial of Appellant's Motion to Discharge under the Speedy Trial Rule, Fla.R.Cr.P. 3.191.

On February 5, 1981, the State arrested Appellant/Defendant in the trial court on several misdemeanor charges. On April 22, 1981, seventy-six (76) days after his arrest, and following the filing of an Information (on the 67th day), the Appellant was appointed a Public Defender. Counsel immediately requested discovery, to which the State replied with the names and addresses of its witnesses, on the 81st day following Appellant's arrest.

One of the witnesses listed by the State was Trp. W.M. Rushing, #31-518, Florida Highway Patrol. Defense counsel attempted to serve a subpoena for the deposition of Trooper rushing through the Sheriff's office of Dade County, using the address the State had supplied. However, counsel was informed by the Florida Highway Patrol that the subpoena could not be served, as Trooper Rushing had been transferred out of the jurisdiction, and that the subpoena would have to be mailed to the Sheriff's office of Manatee County for service. Counsel was further informed by the Florida Highway Patrol of Dade County that Trooper Rushing would not be attending the trial.

Apparently, on the date of the arrest, Trooper Rushing had been assigned to Dade County as part of a task force ordered by the Governor. He was subsequently re-assigned to Manatee County. Defense counsel first became aware of this fact when the Dade County Sheriff's Office returned Trooper Rushing's subpoena.

In view of the above, and the rapidly approaching trial date less than seven (7) days away, Defendant elected not to re-attempt service on Trooper Rushing, noting that it would be impossible to mail the subpoena, have it served, and take the Trooper's deposition before May 5, 1981, the date scheduled for trial — eighty-nine (89) days after Appellant's arrest.

On May 5, 1981, Trooper Rushing was present at the proceeding, and upon noting same, counsel for the Defendant informed the Court of his inability to depose the witness due to the foregoing facts surrounding

the subpoena. The Court reset the trial for the following day, so that the deposition could be taken. At the conclusion of the hearing, the State supplied an Amended Witness List to the Defendant, containing the name of another Florida Highway Patrol Officer, Trooper Costanzo. Defendant proceeded to depose both Troopers that afternoon.

The following day, the 90th day after the Defendant had been placed in custody, defense counsel argued that because of the recent availabilitiy of the two Trooper's depositions, Defendant was forced to choose between accepting a speedy trial, and thereby waiving his right to adequate preparation of his case, or waiving speedy trial, and thereby obtaining the right to preparation.

The State then moved to extend the Speedy Trial limit, citing the "exceptional circumstances" provision of Florida Rule of Criminal Procedure 3.191(f), on the premise that the trooper's unavailability sufficiently in advance of trial for defense counsel's adequate preparation constituted an exceptional circumstance which justified the extension of time. (Trial Court p. 29-30).

Over Defendant's objection, the trial court granted the State's motion, stating:

> "(D)ue to the nature of the problems of Dade County and the calling of the task force that constituted exigent circumstances and the recall of witnesses and the taking of discovery of the witnesses from Manatee County constituted exigent circumstances." (Trial Court p.56)

On May 20, 1981, 104 days following the Defendant's arrest, defense counsel moved for a discharge based on the Speedy Trial grounds, which was denied. (Trial Court p.53). Defendant was thereafter adjudicated guilty and sentenced to thirty (30) days in the County Jail.

Following a timely Motion to Appeal, this Court is now asked to determine whether or not the trial court erred in denying the Appellant's Motion to Dismiss following an erroneously granted extension of the Speedy Trial Rule, citing exigent circumstances as cause.

Florida Rule of Criminal Procedure 3.191(f) provides that the Court may order an extension of the Speedy Trial time where exception circumstances are shown to exist. Such circumstances are defined as those which, as a matter of substantial justice to the accused or the State, or both, require an Order of the Court. *State v. Canup*, 341 So.2d 1069 (Fla. 2d DCA 1977).

The Rule characterizes exceptional circumstances as those which are unavoidable, unexpected, and/or unforeseeable. It specifically states

that exceptional circumstances shall not include "general congestion in the court's docket, lack of diligent preparation or failure to obtain available witnesses or foreseeable delays." *Fla.R.Cr.P. 3.191(f)*.

It is Appellant's contention that the circumstances which precluded his case from being tried within the ninety (90) day period were both avoidable and foreseeable. We agree. Defendant's objection the the State's Motion to Extend should have been sustained, the Motion denied, or, in the alternative, the Defendant's subsequent Motion to Dismiss should have been granted.

The State is allotted ninety (90) days in which to bring a Defendant charged with a misdemeanor to trial. Fla.R.Cr.P. 3.191(a)(i). In the case sub judice, the State did not complete supplying its list of witnesses to defense counsel until the 89th day after the Defendant's arrest. In addition, it was not until the 89th day that the defense counsel was actually afforded an opportunity to depose a second witness, due to an insufficient address supplied by the State.

Had the State filed its Information sooner and supplied defense counsel with a complete and accurate list of its witnesses and their addresses, thereby permitting the defense to conduct property discovery, we believe the trial could have been conducted on the first date set, that of May 5, 1981.

While there is no showing of whether or not the State deliberately tried to obtain the correct address and whereabouts of its witnesses, the record infers a lack of due diligence to ascertain this information and make it timely available to the Defendant.

Given that the State's Witness List was not timely or accurately completed until the day trial was to begin, the necessary delay ordered by the Court allowing the Defendant to take the depositions it sought to thereby insure justice, may be directly attributable to the State. Moreover, this Court believes it is reasonably forseeable that the Defendant would have been placed in an unfair and unjust position if compelled to proceed to trial witout first having an opportunity to depose the State's witnesses. We, therefore, agree with Appellant's contention that he was placed in the position of having to choose between waiving his right to proper discovery, or waiving his right to a speedy trial.

The letter of Rule 3.191(f) Cr.P. encompasses and excludes the above noted conditions as constituting "exceptional circumstance, and the spirit of the Rule dictates that the State should not be allowed to amend its Witness List a day before trial, nor should it be permitted or condoned for the State to hamper the defense by supplying inadequate information regarding the whereabouts of its witnesses, thus compelling

the Defendant to choose between adequate preparation or a speedy trial, when, in essence, the law provides for both to be accomplished concurrently.

It has been held that where exceptional circumstances or complexities involved in the preparation of a case for trial where occasioned by delay on the part of the State, they will not be deemed to justify a delay of the trial and an extension of the rule period. *Stuart v. State*, 360 So.2d 406 (Fla. 1978); *State ex rel Boren v. Sepe*, 256 So.2d 259 (Fla. 3d DCA) cert. discharged, 271 So.2d 116 (Fla. 1972).

Although the reason why the State Troopers were in Dade County on the date of Appellant's arrest are admittedly unusual circumstances, we do not find that the delay of trial stemmed from those circumstances, but rather arose out of the neglect of the State. Granting an extension of the Rule under these circumstances would result in a substantial injustice inapposite to that justice which the Rule is intended to insure.

Had the State made the effort to timely supply the Defendant with the proper and complete witness information it desired, the unusual circumstances by which the Troopers found themselves in Dade County, and their connection with this case, would have had little effect on the time frame in which this case could have, and should have, been tried.

Since the extension of the Speedy Trial Rule was granted for reasons which we deem avoidable and foreseeable, the ajudication of guilty of the Appellant is hereby ordered to be expunged.

Accordingly, the case is remanded for the entry of an appropriate Order in compliance with the foregoing reasons stated herein.