PER CURIAM.
Petitioner seeks a writ of prohibition following denial of a motion to dismiss for violation of the speedy trial rule governing juveniles.
The facts are undisputed. Defendant, Robert Shanks, a juvenile, was arrested in August of 1984. Arraignment was set for November 7th, but defendant never received notice. An order to take defendant into custody was entered in the erroneous belief that he had been served by the sheriff. Upon learning of the mistake a new arraignment was held in February, 1985, and trial was rescheduled for March, 1985. In March of 1985, the trial court denied the defendant’s motion to dismiss for failure to prosecute pursuant to Florida Rule of Juvenile Procedure 8.180. A stay was entered for a year and has since been removed. Trial is now being scheduled.
There is no evidence that defendant was not available at all times prior to March of 1985; he continued to live at home and attend school. No excuse for the untimely prosecution is offered by the state other than good faith. Although the state objects to this petition as untimely, no prejudice is shown other than the passage of time.
The public defender has also offered an extensive explanation of the reasons for the delay since March of 1985. However, we find them unacceptable and note that *1268 were we to find laches, the result could deprive its client of a fundamental right. The responsible attorneys are admonished accordingly. However, in the absence of prejudice, and with the facts undisputed, we decline to dismiss the petition.
We conclude that defendant was entitled to dismissal pursuant to Florida Rule of Juvenile Procedure 8.180. Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976).
Accordingly, the petition for writ of prohibition is granted, the respondent is directed not to conduct a trial in this cause and the trial court is directed to discharge the petitioner.
DOWNEY, WALDEN and STONE, JJ., concur.