BOYD, Judge.
This cause is before us on petition for writ of certiorari' to the District Court of Appeal, Third District, to review the decision of that Court filed January 9, 1970.
An information charging petitioner with the crime of robbery was filed on March 19, 1969, to which he entered a plea of not guilty and demanded trial by jury. Released on bond, he filed written demand for a speedy trial in two successive terms of the trial court where the dockets were crowded (June 1969, August 1969) and the State requested and was granted a continuance. In the third term, trial was set to take place in the fourth term on January 12, 1970. After the case was set for trial, and with only three days remaining before the third term expired, petitioner filed a written demand for a speedy trial (October 1969). Pursuant to § 915.01(2), petitioner moved that the case be dismissed and he be discharged, which motion was denied. Then defendant-petitioner filed a suggestion for writ of prohibition in the District Court of Appeal, Third District, which was denied in a brief order, 230 So.2d 509.
*770 Petitioner contends that he is entitled to be discharged under the provisions of Florida Statutes § 915.01(2), F.S.A. That Statute, which was recently repealed by the 1971 Legislature,[1] provided in pertinent part as follows :
“When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.”
Petitioner contends that the decision of the District Court creates conflict with four cases involving Florida Statutes § 915.01(2), F.S.A.[2] In addition, this Court’s attention is directed to its recent decision in State ex rel. Leon v. Baker,[3] wherein the State’s contentions regarding crowded dockets and filing of demands on the last day of the term were rejected. In State ex rel. Leon v. Baker, the defendant had filed three written demands for a speedy trial. Two of the demands were filed on the last day of the terms within which they were filed. Motion for discharge was denied by the trial court and that denial was affirmed on appeal by the District Court. The basis of the District Court’s decision was acquiescence and the crowded docket of the trial court. In quashing the decision of the District Court, this Court stated that “a crowded Court docket will not be considered as a reasonable delay under the statute.”[4]
Moreover, in State ex rel. Leon v. Baker, supra, petitioner Leon filed three successive motions for a speedy trial, as in this case, but was not tried during the fourth term, which was the third full consecutive term after his initial filing. Since Leon was not tried during the third full term, although he had been ready at all times after the first motion was filed, he became eligible for release.
Additionally, this case is controlled by our recent decision in Clawson v. Baker, wherein we held in order to meet the requirements of the Statute, it is necessary that: (1) three motions for speedy trial be properly filed in three consecutive terms of court and (2) three full terms of court pass after the first motion is filed.[5]
Applying the above standard to the case before us it is apparent that three full terms did not pass after petitioner filed his first motion for speedy trial before seeking dismissal. The record shows the State was ready to try the petitioner during the third full term of court.
Accordingly, the decision of the District Court is affirmed.
It is so ordered.
ERVIN, CARLTON and ADKINS, JJ., concur.
ROBERTS, C. J., concurs in judgment.

. Law of February 2, 1971, Chapter 71-1 (B) (HB 17-B).

. Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942); Feger v. Fish, 106 Fla. 564, 143 So. 605 (1932); Gossett v. Hanlon, 195 So.2d 865 (Fla.App.4th 1967); Wincor v. Turner, 215 So.2d 3 (Fla.1968).

. 238 So.2d 281 (Fla.1970).

. Id. at 283.

. 245 So.2d 223, opinion filed March 3, 1971.