ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District, discharging a rule nisi and dismissing a suggestion for writ of prohibition which allegedly conflicts *2 with Anderson v. Edwards, 234 So.2d 720 (Fla.App. 4th, 1970); Clark v. Edwards, 234 So.2d 399 (Fla.App. 4th, 1970); and State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla.1970), on the same point of law. Fla.Const, art. V, § 4, F.S.A.
For clarity, the Petitioner will be referred to as “Defendant.”
On February 17, 1969, a warrant was issued charging Defendant with murder in the second degree. He was arrested and on February 20, 1969, was released from custody by posting a cash bond. He has not been taken into custody since the posting of the bond.
Upon arraignment on June 2, 1969, Defendant was declared to be insolvent and the public defender was appointed to represent him. A plea of not guilty was entered and the case was set for jury trial on December 2, 1969. The record does not reveal any objection to the trial date of December 2, 1969.
The arraignment was held during a term of court which began May 19, 1969. The second term began July 21, 1969, and the third term began September 15, 1969. On September 22, 1969, after the third term had already begun, the Defendant filed a demand for speedy trial.
At this point the provisions of Fla.Stat. § 915.01(2), F.S.A., came into play which requires his discharge upon not being brought to trial if he files written demand for trial for three successive terms of court.
On the first day of the next term (November 17, 1969), the second demand for speedy trial was filed. On December 2, 1969, during this term, the State filed an application for continuance because of the absence of material witnesses. This continuance was granted over the objection of the Defendant and the case was reset for jury trial on May 5, 1970.
On the first day of the next term (January 19, 1970), the third demand for trial was filed.
On the first day of the next term (March 23, 1970), the next demand for speedy trial was filed. This term would end after the trial date of May 5, 1970.
On March 27, 1970, the Defendant moved to dismiss the information and asked that he be discharged on the ground trial had not been held, “although he had made written demands for speedy trial on September 22, 1969, November 17, 1969, and January 19, 1970.” The motion to dismiss was denied by the trial court on April 1, 1970.
Thereupon, Defendant filed a suggestion for writ of prohibition in the District Court of Appeal. A rule nisi was issued and a response filed by the State. The rule nisi was discharged and the suggestion for writ of prohibition was dismissed, 237 So.2d 610. This order or decision of the District Court of Appeal is before us for review.
Fla.Stat. § 915.01(2), F.S.A., requires that the demand for speedy trial be made for three successive terms and the Defendant is entitled to release if he is not brought to trial “at or before the third full term after the date he is first committed.” The Defendant filed demands during three successive terms of court. Three full terms expired after the date he was first committed, but three full terms did not expire from the date he filed his first demand.
We do not believe that the language of Fla.Stat. § 915.01(2), F.S.A., reading “at or before the third full term after the date he is first committed” should be literally construed. The Defendant would be entitled to release only by virtue of the provisions of this statute, and such provisions were not activated until the required written demand was filed by the Defendant.
This statute should not be construed as being solely for the benefit of the Defendant, as it also was intended to be of some benefit to the State by requiring sufficient notice of a Defendant’s claim for a speedy *3 trial so that the State could properly prepare for such trial. Nor should we disregard the interest of the public. As stated by Honorable Kirke M. Beall, a prominent jurist:
“It would be most gratifying to me to just one time read in the press where someone proposed a piece of legislation or an appellate' court rendered a decision flattering or favoring the law-abiding, productive man next door who cheerfully works for a living, assumes his responsibilities to his nation and family, pays his taxes and goes to war without avoiding the draft through technicalities and judicial process, and finally goes to his reward with an obituary notice without benefit of an editorial recognizing him for his contributions to his fellowman and nation.”
If the statute were construed so that the State would be required to bring an accused to trial within three full terms from the date the accused is first “committed,” the accused could wait for the passage of three full terms of court after his arrest and, assuming he has not been tried, file a demand for speedy trial, together with a motion for discharge. At this point, the State could not try him because three full terms of court would have elasped since his arrest, and the State would be obligated to discharge the accused upon his filing two more demands, one in each of the next two terms of court. This would be an absurd result. Compare Woodward v. Edwards, 244 So.2d 438 (Fla.App. 4th, 1971.)
The statute having been activated after the beginning of the September 15, 1969 term, this term cannot be counted as a full term. The first “full term” began November 17, 1969. The second “full term” began January 19, 1970, and the third term began March 23, 1970. Defendant sought his release during this term, but only two full terms intervened between the first demand and the motion for discharge. Defendant sought his release prematurely and the motion for discharge was properly denied. Clawson v. Baker, 245 So.2d 223 (Fla.1971); Morrero v. Turner, 246 So.2d 769, (Fla., op. filed March 31, 1971).
The question of whether or not good cause existed for the granting of the continuance becomes immaterial, and there is no conflict with the cases cited by the Defendant.
The writ of certiorari having been improvidently issued, the same is hereby discharged.
It is so ordered.
ROBERTS, C. J., and CARLTON, BOYD and McCAIN, JJ., concur.