CARLTON, Justice.
This is a speedy trial case in which the third full-term covered by petitioner’s demands under Fla.Stat. § 915.01(2), F.S.A. was interrupted by repeal of the statute, and a discharge was sought prior to the announcement of Florida Rule of Criminal Procedure 1.191, 33 F.S.A. by this Court. The Criminal Court of Record, Dade County, denied a Motion to Dismiss the Information filed by petitioner upon completion of the third full-term. In this mandamus proceeding, it is our judgment that petitioner is entitled to release from further prosecution.
Before proceeding to the facts, we first wish to dispose of a procedural question raised by the State. Under Article V, Section 4(2), Florida Constitution, it is provided that: “The Supreme Court may issue writs of mandamus * * * when a state officer * * * is named as respondent.” This Section further provides that: “The Supreme Court may issue * * * writs of prohibition * * * to the trial courts when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right.” In Wincor v. Turner, 215 So.2d 3 (Fla.1968), we discussed the availability of both writs in speedy trial situations.
Recently, in State ex rel. Soodhalter v. Baker, 248 So.2d 468 (Fla.1971), we transferred a speedy trial case travelling on a petition for writ of prohibition to a District Court of Appeal. The State urges that this cause also be transferred, even though here on mandamus. In making this suggestion, the State overlooks the fact that prohibition is set apart from other extraordinary writs in the Constitution by the requirement that a direct appeal be involved as a matter of right. Thus, while mandamus is appropriate where a state official is named as respondent, prohibition is appropriate where we would entertain an appeal as a matter of right. The Soodhalter case was transferred because it came on prohibition when the underlying constitutional requirement for that avenue of jurisdiction was not satisfied.[1] There has been no improvident invocation in the instant case, and there *871 fore we have denied the State’s Motion to Transfer.
Petitioner was arrested on June 10, 1970, and was released on bail the same day. His first demand for speedy trial under Fla. Stat. § 915.01(2) (1969), F.S.A. was filed June 26, and a second demand was filed August 7; both filings were in the June 1970 Term of the Criminal Court of Record (June 8—August 10). His next demand was filed on August 13 during the ensuing August 1970 Term (August 11—October 12). A fourth demand was made on October 13 during the October 1970 Term (October 13—December 7). Another demand came on December 10 in the December 1970 Term (December 8—February 7, 1971). Petitioner was not tried during these terms, nor did he seek a continuance. On February 8, 1971, following the passage of three full-terms, he filed a Motion to Dismiss the Information. This was denied at a hearing held before the Criminal Court of Record, the Honorable Paul Baker presiding, on March 10, 1971.
Had the Legislature not repealed the speedy trial statutes as of February 3, 1971, through Ch. 71-1 (B) (four days before expiration of the third full-term), we would dispose of this cause by an order releasing petitioner on authority of State ex rel. Leon v. Baker, 238 So.2d 281 (Fla.1970). However, we are obliged to consider the effect of the repeal and the subsequent announcement of Rule 1.191 on petitioner’s right to dismissal of the charge pending against him. In prior cases, we have considered the completion of three full terms as a condition precedent to any right to release under the speedy trial statutes. Clawson v. Baker, 245 So.2d 223 (Fla.1971); Morrero v. Turner, 246 So.2d 769 (Fla.1971); Bates v. Amidon, 249 So.2d 1 (Fla.1971). Since Fla.Stat. § 915.01(2) F.S.A. was repealed prior to the completion of the third full-term, petitioner could not have accrued a right to release under the statute; the condition precedent of completion was aborted by the repeal. Had his third full-term expired prior to the repeal, he would have been entitled to release even though a motion to dismiss may not have been filed prior to repeal. This is the meaning of Rule 1.191 (i) (3): “Any rights which shall have accrued to any defendant under former Fla.Stat. §§ 915.01 and 915.02 shall not be disturbed by this Rule.”
But though the third term ended after repeal, petitioner is still entitled to immediate release. While the statutory scheme was supplementary to the speedy trial right guaranteed by Article I, Section 16, Florida Constitution, it was nonetheless a “legislative determination of the maximum delay in the trial which may be imposed * * * where such delay is brought about without any fault or affirmative action on the part of the accused * * Feger v. Fish, 106 Fla. 564, 143 So. 605 (Fla.1932). With the repeal, and prior to the announcement of Rule 1.191, the only surviving speedy trial right was that guaranteed to petitioner by the Constitution. We think that it is appropriate to consider the “legislative determination of the maximum delay” as a valid measurement of the constitutional rights of a defendant who has filed demands under the statute, and whose third full-term has expired prior to the announcement of Rule 1.191. Petitioner is such a defendant, and he is, therefore, entitled to release.
Had petitioner not been entitled to release prior to repeal, or in the interim, then he would fall under Rule 1.191 (i) (2), and he would have had to be tried within 180 days, or 60 days if he made a demand after the adoption date of the Rule. In summary, we find that: (1) if the demand periods and full terms were satisfied prior to repeal, then a defendant is entitled to release under operation of the statute; (2) if a defendant’s third full-term was completed after repeal, but prior to the effective date of the Rule, his constitutional right to a speedy trial requires his release; (3) if the third full-term has not been reached, *872 or the term has not expired prior to the effective date of the Rule, then his trial must commence within 180 days of the adoption of the Rule; if a demand was made after the date of the Rule’s adoption, then a trial must commence within 60 days.
In view of the Criminal Court of Record’s treatment of this cause at the hearing below, the Honorable Paul Baker presiding, we find that the interests of justice require an entry of the judgment which should have been entered. See State ex rel. Williams v. Baker, 248 So.2d 650 (Fla.1971).
Accordingly, the peremptory writ is issued, and it is' directed that petitioner Richard Atwood be discharged from the prosecution in question.
It is so ordered.
ERVIN, Acting C. J., and ADKINS, BOYD and McCAIN, JJ., concur.

. We note in passing that while Soodhalter was written in response to a prohibition writ, the case stands for the broader prineiple that original writs may be transferred if improvidently filed here.