PER CURIAM.
Vargas was arrested on a warrant issued by the County Judge of Hendry County on April 5, 1967. He was admitted to bail and nothing much happened in the months thereafter. On November 28, 1967, his attorney wrote the County Judge and asked for a copy of the information. He was referred to an assistant state attorney in Naples, to whom he wrote on December 4 and again on December 13, eliciting the following reply dated December 20, 1967:
“I am sorry for the delay in answering your letters of December 4 and December 13, 1967.
*587 “Please be advised that I am looking at this time to see if information has been filed in Collier and Hendry County or if Mr. Vargas is charged only with a warrant. I suggest that you contact the Clerk of Circuit Court in the respective counties and request copies of the information from them.
“Please be advised that informations shall be filed if none have been filed to date.”
On January 24, 1968, Vargas’ attorney wrote to the Clerk of the County Court in Hendry County: “This matter has been hanging over Mr. Vargas’ head since last April, and I surely hope that the matter is not allowed to drag on further.” At that time the only charge against Vargas had been lodged against him by affidavit upon which the warrant was issued by the County Court.
On April 11, 1968, Vargas moved in the Circuit Court for discharge. That motion was heard on May 3, 1968, when, according to the minutes, the “Court ruled that the State Attorney should bring the matter before the court before the end of the Spring Term and be ready for trial by July IS, 1968.” The Acting State Attorney then moved that the court enter nolle prosequi as to “anything before the court at this time.” That motion was granted June 6. On June 7, 1968, the State filed the information herein. The minutes reflect a state motion for continuance, no cause shown, granted. On July 5, 1968, Vargas appeared in court without counsel and requested appointment of the public defender. The minutes reflect that Vargas advised the court that he “had equity in property which was valued at $5,000 or $6,000,” but the minutes do not show whether the equity or the property was worth that much. The judge found that Vargas was not indigent. In any event, delay is attributable to the defendant for a brief period in the summer of 1968. He obtained counsel, who wanted twenty days to get particulars from the state, which was granted, expiring August 29, 1968. The case was postponed until September 6, 1968, when nothing happened. On Friday, October 11, 1968, Vargas and his attorney were in court. Vargas was arraigned and pleaded not guilty. The case was continued until the following term, apparently without motion from either side. That term began January 20, 1969, and ended June 13, 1969. Vargas was not tried that term nor was his case set for trial. The Clerk advised counsel on July 11, 1969, that the case would be tried July 21, 1969, and that “Judge Smith stated that no request for continuance of this case would be granted.” On July 15, 1969, the State served a notice on Vargas that the case would be tried the following week, i. e., July 21. On July 17 Vargas filed praecipe for witness subpoenas, listing Virgilio Reyna, a migrant worker who had by then followed the crops North. Vargas’ motion on the ground of failure to furnish speedy trial was renewed prior to trial and denied.
Vargas was tried and convicted on the testimony of witnesses who proved the theft of checks and their utterance at various places of business. The factual question was whether Vargas, who did not personally cash the checks, received part of the proceeds.[1] Trevino, the State’s witness, said he did. Lopez, Vargas’ witness, said Vargas knew nothing about it. Reyna, the absent witness, was supposed to have testified like Lopez. Vargas did not testify-
The State’s argument that Vargas made no demand for a speedy trial is patently without merit. Whether he is entitled to discharge [2] is not determinable on the pres *588 ent record, but may be determined on remand. It does appear that when the State finally brought Vargas to trial Virgilio Reyna, a material witness, was not present to testify in Vargas’ behalf. The record proves that Vargas’ attorney advised the State August 16, 1968, that Reyna was one of Vargas’ witnesses.
The record does not indicate that any testimony was taken or argument presented, but Vargas did renew his motion for discharge on the date of trial. Although he plainly was not entitled to discharge merely by virtue of Fla.Stat. § 915.-01(2), F.S.A., then in effect,[3] that fact does not foreclose consideration of constitutional questions involved. In any event, Vargas was tried after an unreasoned delay, without a material witness, after being advised by the Clerk that a motion for continuance would be futile, and he is entitled to a new trial.[4]
Accordingly, the judgment appealed from is reversed.
MANN, Acting C. J., McNULTY, J., and BEACH, ROBERT E., Associate Judge, concur.
ON PETITION FOR CLARIFICATION
PER CURIAM.
Both parties seek clarification of our opinion, the State seeking to amend it to require a new trial upon remand, the appellant seeking to persuade us to require discharge. We thought it clear that the first order of business upon remand is a full consideration of Vargas’ speedy trial claim, in the light of Klopfer and Dickey, at which time the State should be afforded an opportunity to show, if it can, good cause for its negligence in bringing Vargas to trial more than two years after the original charge and an absence of prejudice *589 resulting from the delay. The full dimensions of the Sixth Amendment guarantee of speedy trial are not yet fully known, and we hesitate to make decisions which ought in the first instance to be made by trial judges. Depending on the outcome of the hearing on the speedy trial question, a new trial may or may not follow.
Rehearing denied.
MANN, Acting C. J., McNULTY, J., and BEACH, ROBERT E., Associate Judge, concur.

. Ausburn v. State, Fla.App.2d 1968, 216 So.2d 84.

. This question is determinable upon remand in the light of Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) ; Smith v. Hooey, 393 U.S. 374 (1969) ; Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) ; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). The constitutional question involved here *588 has not been treated by other Florida courts, but see cases cited n. 3, infra. The full scope of the constitutional guaranty has not yet been delineated and we specifically leave open for argument in the trial court questions not precluded here. See also Hinton v. United States, 137 U.S.App.D.C. 388, 424 F.2d 876 (1969) ; United States v. Jackson, 369 F.2d 936 (4th Cir. 1966) ; Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19 (1957) ; Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684 (1966); United States v. Panczko, 367 F.2d 737 (7th Cir. 1966) ; Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963) ; United States ex rel. Watts v. Harrison, 308 F.Supp. 429 (S.D.N.Y.1969) ; United States v. Wahrer, 319 F.Supp. 585 (D.Alas.1970) ; Luckman v. Burke, 299 F.Supp. 488 (E.D.Wis.1969) ; United States v. Dillon, 183 F.Supp. 541 (S.D.N.Y.1960) ; United States v. Mann, 291 F.Supp. 268 (S.D.N.Y.1968) ; United States v. Stone, 319 F.Supp. 364 (S.D.N.Y.1970) ; Glasgow v. State, Alas.1970, 469 P.2d 682; State v. Downing, Or.App., 1970, 478 P.2d 420.

. “When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.” This statute was repealed by Laws of Florida, 1970, Chapter 71-1B, § 7. The Florida Supreme Court has now adopted Bule 1.191 of Fla.Rules of Criminal Procedure, filed February 24, 1971, 33 F.S.A. These rules abolish the reference to terms of court which, if the statute were the measure of the constitutional claim, would allow the state three times as much time in Hendry County where felonies are tried in Circuit Court as in Hillsborough, for example, where the Criminal Court of Record, with six terms each year, has jurisdiction. See also Bates v. Amidon, Fla.1971, 249 So.2d 1; State ex rel. Soodhalter v. Baker, Fla.1971, 248 So.2d 468 ; Morrero v. Turner, Fla.1971, 246 So.2d 769; Clawson v. Baker, Fla.1971, 245 So.2d 223; State ex rel. Williams v. Baker, Fla.1971, 247 So.2d 316; State ex rel. Leon v. Baker, Fla.1970, 238 So.2d 281; State ex rel. Johnson v. Edwards, Fla.1970, 233 So.2d 393.

. For a good general survey see note, The Bight to a Speedy Trial, 1968, 20 Stan.L.Rev. 476.