HOBSON, , Acting Chief Judge.
The state appeals an order which granted defendant James Jordan’s motion to discharge pursuant to Florida Rule of Criminal Procedure 3.191(d)(1) on the ground that he was deprived of, a speedy trial as provided in rule 3.191. We affirm in part, reverse in part, and remand.
Defendant was charged by information with possession of a controlled substance and was arrested on May 18, 1981. The possession charge was nol-prossed and refiled on February 22, 1982, as an information charging him with delivery of cannabis stemming from a transaction that allegedly occurred between May 18 and 19,1981. He and another individual were charged by information filed on October 15, 1981, with conspiring to traffic in cannabis. This charge related'to a transaction that allegedly occurred between May 12 and 15, 1981. Both parties agree that the delivery charge and the conspiracy charge arose from separate transactions.
On November 9,1981, defendant “waived in the interim” the speedy trial period on the conspiracy charge until November 30, 1981. On November 30,1981, the state and codefendant’s counsel announced that they were unable to proceed to trial on the charges. The trial was thus continued until February 9, 1982. On February 9, 1982, at the request of codefendant’s counsel, trial was again rescheduled for February 22, 1982. Because of delays by defendant and defendant’s counsel on February 22, 1982, trial was again continued until May 24, 1982. On May 7,1982, the trial court ruled that the 180-day speedy trial period had substantially run on both charges by November 9,1981, because defendant had been arrested on May 18, 1981.
With respect to the delivery charge, the 180-day speedy trial period commenced on May 18, 1981, the date of defendant’s arrest. See rule 3.191(a)(1) and (4).[1] Thus, *293 since a trial did not begin on the delivery charge within the prescribed time period of 180 days, he was properly discharged on this charge.
As to the conspiracy charge, the 180-day speedy trial period commenced on October 15, 1981, the date the information was filed on the conspiracy charge, inasmuch as defendant had not been previously arrested as a result of the conduct which gave rise to the conspiracy charge. See Snow v. State, 399 So.2d 466 (Fla. 2d DCA 1981). However, the failure to try him within 180 days was not violated because he himself instigated dilatory tactics on February 22, 1982. In Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), the supreme court recognized that if a codefendant causes a delay or moves for a continuance which results in a trial date outside of the speedy trial time period, he waives the 180-day provision of the speedy trial rule. Moreover, quoting from rule 3.191(d)(3)(ii), “a motion for discharge shall be granted by the court unless it is shown that the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel.” Thus, the court erred in discharging defendant as to the conspiracy charge.
Accordingly, we affirm the portion of the order discharging defendant on the delivery charge, reverse the portion discharging him on the conspiracy charge, and remand with directions that the state be allowed to reinstate the conspiracy charge.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
CAMPBELL and LEHAN, JJ., concur.

. Florida Rule of Criminal Procedure 3.191(a)(1) provides:
*293 Speedy Trial Without Demand. Except as otherwise provided by this rule and subject to the limitations imposed under (b)(1) and (c)(2), every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion, shall make the required inquiry under (d)(3). The time periods established by this section shall commence when such person is taken into custody as defined under (a)(4) ....
Rule 3.191(a)(4) reads:
Custody. For purposes of this rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.-