PER CURIAM.
Petitioner James R. Cook, alleging a violation of his right to a speedy trial, files this petition for writ of prohibition, prohibiting the trial court from proceeding to trial on the criminal charges filed against the petitioner on May 14, 1991. We grant the writ.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that subject to certain limitations, every person charged with a felony shall be brought to trial within 175 days. After that time, under Rule 3.191(i)(2), the defendant may move for dis *1240 charge. The state then has five days to hold a hearing and ten days from hearing in which to bring the defendant to trial. Fla.R.Crim.P. 3.191(i)(3). See State v. Calle, 560 So.2d 355 (Fla. 5th DCA), review denied, 569 So.2d 1278 (Fla.1990).
In the instant case, defendant was arrested on September 21, 1989. On December 4, 1989, the state filed a nolle prosequi, based on the unavailability of the alleged victim.[1] No extension of time for exceptional circumstances as provided for in Rule 3.191(f) was sought or ordered. The speedy trial period elapsed on March 16, 1990. The state refiled charges against petitioner on May 14, 1991. On May 16, 1991, petitioner filed his motion to discharge. On June 13, 1991, petitioner’s motion was denied, and the trial date continued until August 26, 1991. The state made no showing that one of the stated exceptions to the speedy trial rule existed. See Fla.R.Crim.P. 3.191(d)(3). Thus, the speedy trial period and the window for court action having lapsed, the trial court erred in denying petitioner’s motion to discharge.
Accordingly, we grant the writ and prohibit the trial court from proceeding as to the above criminal charges.

. The' nolle prosequi came after the execution of a nonprosecution form by the alleged victim's guardian. The charges were refiled when the new custodial parent wanted the case prosecuted.