619 So.2d 311 (1993)
The STATE of Florida, Appellant,
v.
Todd DORIAN, Appellee.
No. 91-1407.
District Court of Appeal of Florida, Third District.
March 30, 1993.
Rehearing Denied June 15, 1993.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., Janet Reno, State Atty., and Lisa Berlow-Lehner, Asst. State Atty., for appellant, cross-appellee.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee, cross-appellant.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING EN BANC
FERGUSON, Judge.
On May 20, 1981, Todd Dorian was arrested for the murder by strangulation of George Litwin. A grand jury indicted him for first-degree murder and first-degree arson. The indictment was nolle prossed because of the State's inability to locate its witnesses. Six years later Dorian was arrested on unrelated robbery charges. In *312 the belief that he could not be prosecuted for the 1981 murder, arson, and armed burglary, Dorian confessed to the old charges.
In a motion for discharge the defendant conceded the inapplicability of the former speedy trial rule  which provided for automatic discharge after 180 days  and argued instead that he was entitled to a discharge under constitutional speedy trial guarantees. The motion was denied. Along the way the trial court found that the 1981 dismissal and 1990 refiling was not in bad faith. Neither of those two rulings is challenged in this appeal.[1] Two weeks after the jury was sworn, the defendant filed a new motion for discharge claiming for the first time that the revised speedy trial rule, effective January 1, 1985, which gave the State a fifteen-day window period in which to try the defendant after a motion for discharge is filed, did not apply. The trial court agreed and discharged the defendant.
The single issue presented, and argued by the parties, is whether the 1985 version of the speedy trial rule  with its fifteen-day window period  applies to this case.

I.
In the original per curiam opinion for the unanimous panel we held:
As the State properly contends, the trial court erred in granting the defendant's motion for discharge. The Supreme Court of Florida in Bloom v. McKnight, 502 So.2d 422, 423 (Fla. 1987), stated that the filing of the motion for discharge is the "operative event" which determines which version of the speedy trial rule applies. See also Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), decision approved 506 So.2d 1035 (Fla. 1987). In the instant case, the rule in effect at the time the motion for discharge was filed was the revised speedy trial rule which provides for the window period.
That holding was eminently correct.
Dorian argues here that the new rule cannot apply because his right to discharge vested before the new 1985 rule creating the window period became law. That argument lacks merit because the speedy trial rule accords no substantive rights subject to vesting. The supreme court in Bloom reiterated that the rule is one of procedure and that "a defendant who has been denied a speedy trial is not entitled to a discharge until he files a timely motion therefor... ." Bloom, 502 So.2d at 423. Dorian's motion for discharge was filed for the first time on May 17, 1991  two days after the trial commenced.[2] Undergirding the defendant's attempt to distinguish this case from the Bloom and Zabrani cases, is still a claim of a vested right to whatever speedy trial rule existed when the original indictment was dismissed. That "vested right" theory cannot be reconciled with the crystal clear Bloom-Zabrani principle that the filing of the motion is the operative event that tells what version of the speedy trial rule governs.
State ex rel. Atwood v. Baker, 250 So.2d 869 (Fla. 1971), relied on by Dorian as authority for his claim of entitlement to an automatic discharge, is distinguishable. The defendant in that case filed a series of motions for discharge before the 1971 repeal of the former speedy trial statute, section 915.01(2), and in the interim period preceding the adoption of the first speedy trial rule, 1.191. The court held that during the time period subsequent to the repeal of the statute and prior to the effective date of the rule, the defendant's only surviving right to a speedy trial was based *313 on constitutional principles. Holding that the former statute, on which the first discharge motion was premised, was the "legislative determination of the maximum delay" granted by the constitution, the court directed that the defendant be released. Id. at 871. In contrast to Atwood, who first moved for discharge prior to the repeal of the speedy trial statute, Dorian filed for discharge under a procedural rule. The 1981 version of the subsequently amended rule 3.191 was not a "legislative determination of maximum delay," and therefore granted the defendant no constitutional right to discharge.
More importantly, the statutory rights created by section 915.01(2), Florida Statutes, were specifically preserved in rule 1.191(i)(3), which provided "[a]ny rights which shall have accrued to any defendant under the former Fla. Stat. §§ 915.01 and 915.02 shall not be disturbed by this Rule." In promulgating the 1985 rule amendment, the Florida supreme court did not enact a provision similar to 1.191(i)(3) preserving rights. Unlike statutes, rules of procedure do not create substantive rights; they merely provide the remedies to enforce rights. See Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730 (Fla. 1991) (discussion on distinction between procedural and substantive law); State v. Garcia, 229 So.2d 236 (Fla. 1969) (same); Birnholz v. 44 Wall Street Fund, Inc., 880 F.2d 335 (11th Cir.1989) (no one has a vested right in any given mode of procedure).

II.
Relying on the first district's opinion in State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991),[3] which held that "[t]he speedy trial rule contains no `good faith' exception," the defendant's alternative position is that he should have been discharged even if the new rule applied because "the state cannot be allowed ... to unilaterally extend the speedy trial limit and with it the fifteen day window provision of Rule 3.191(i) by its nolle prosequi and refile power." In response, the State contends that the trial court should not have construed the rule as draconian in import, but should have given meaning to its good faith language. We agree. Rule 3.191(h)(2) provides:
Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode... .
(Emphasis added).
If the drafters of the rule had intended the interpretation advanced by the defendant, they would have said, in fewer words, that the time period established by these rules for bringing the defendant to trial is not tolled by the entry of a nolle prosequi. Instead, the drafters used language, which as fairly interpreted, means that a nolle prosequi cannot be used for the purpose of circumventing the speedy trial rule. Although the Agee court ruled otherwise, the Supreme Court of Florida has never held that there is no good faith exception in the speedy trial rule.
Federal courts hold uniformly that there is a good faith exception to the speedy trial requirement under both the constitutional provision and the procedural rule. In United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), the United States Supreme Court concluded that because the speedy trial clause was designed to protect against pretrial incarceration and anxiety, the right to a speedy trial no longer exists once the government, in good faith, drops the charges. Once charges are dropped, the individual is placed in the same position as a person who, although subject to a criminal investigation, has not yet been accused. See generally Note, Narrowing the Scope of the Speedy Trial Right: United States v. MacDonald, 36 S.W.L.J. 1213 (1983). The MacDonald court limited its holding to cases where the government had dismissed the *314 original charges in good faith. Id., 456 U.S. at 7, 102 S.Ct. at 1501.
Under the Federal Speedy Trial Act, 18 U.S.C. sections 3161(d) and 3161(h)(6), the period after dismissal of initial charges is not included in determining whether the speedy trial clause has been violated, unless the prosecution dismissed the charges as a tactical measure. See United States v. Rodriguez-Restrepo, 680 F.2d 920 (2d Cir.1982) (time between dismissal of original indictment and defendant's subsequent appearance to answer later indictment on same charges was not to be included in computing time elapsed under Speedy Trial Act); United States v. Pajari, 715 F.2d 1378 (8th Cir.1983); United States v. Hicks, 693 F.2d 32 (5th Cir.1982); United States v. Martin, 543 F.2d 577 (6th Cir.1976). Because the speedy trial rule has no application where the government, acting in good faith, formally drops charges before the speedy trial period expires, the rule does not prevent the government from reopening the case.
A correct interpretation of rule 3.191(i)(3) of the 1985 revised speedy trial rule, which honors Bloom and this court's opinion in Zabrani, is that it applies to the refiled indictment because the operative event, the filing of the motion for discharge, did not occur until May, 1991. A fair reading of rule 3.191(h)(2), consistent with the federal rule, instructs that the running of the speedy trial period is tolled with the dismissal of an indictment unless the accused shows that the dismissal was tactical or in bad faith. No contention is made in this appeal that the trial court's no-bad-faith finding was without a factual basis.
Reversed and remanded for further consistent proceedings.
SCHWARTZ, C.J., and NESBITT, JORGENSON, COPE, LEVY and GODERICH, JJ., concur.
HUBBART, Judge (dissenting).
By today's decision, the court holds that the state (1) may nolle pros an indictment on the eve of the expiration of the speedy trial limit [Fla.R.Crim.P. 3.191] if done in "good faith" because it is unable to locate its essential witnesses, (2) may thereafter secure additional evidence sufficient to reprosecute the defendant and then refile the same indictment at any time [here nine years after the original nolle pros], and (3) may claim benefit of the fifteen-day window period [Fla.R.Crim.P. 3.191(i)(3)] within which to try the defendant when the defendant files an admittedly meritorious motion for discharge on the refiled indictment; moreover, this result is not changed by the fact that the indictment was originally nolle prossed some three years before the adoption of the fifteen-day window period at a time when the automatic discharge provisions of Rule 3.191(a)(1) (1981) were in effect.
I originally agreed to the substance of this holding in the court's original panel opinion [16 Fla. L. Weekly D2376], but upon further reflection, I am persuaded by the reasoning of State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991) [decided subsequent to our panel opinion] that this holding fundamentally undermines the speedy trial rule by making a mockery of the speedy trial limits contrary to Rule 3.191(h)(2). Consequently, I must respectfully dissent; I would affirm the trial court's order finally discharging the defendant under the speedy trial rule.

I
The operative facts of this case are entirely undisputed. On May 20, 1981, the defendant was arrested for first-degree murder; three weeks later, he was formally indicted by the Dade County Grand Jury for this offense. Under Rule 3.191(a)(1), Florida Rules of Criminal Procedure in effect at that time, the state had 180 days from the defendant's arrest to try the defendant on this felony charge, namely, until and including November 17, 1981.[1] On *315 November 9, 1981, eight days prior to the expiration of the speedy trial time limit, the state nolle prossed the indictment because it could not locate its essential witnesses; the state made no effort, however, to apply to the court for an extension of the speedy trial period based on the absence of such witnesses. Moreover, because there was no indictment pending on November 18, 1981, due to the nolle pros, the defendant was unable to file a motion for discharge, a motion which the state concedes would have otherwise been entirely meritorious under the speedy trial rule.
Approximately six years later, in October 1987, the defendant was arrested on unrelated robbery charges and subsequently confessed to the 1981 murder which had been nolle prossed. Accordingly, the state reopened the murder investigation but thereafter proceeded at a leisurely pace. Over three years later, on November 7, 1990, the state re-submitted its case to the Dade County Grand Jury and obtained a new first-degree murder indictment against the defendant. A month later, on December 5, 1990, the defendant was arrested on this new indictment.
Prior to trial, the defendant made a series of motions for discharge under the refiled indictment, contending that his speedy trial rights had been violated and that he was entitled to be discharged under Rule 3.191(i). In the last and operative motion for discharge filed on May 28, 1991,[2] the defendant contended he was entitled to automatic discharge under the refiled indictment based on the 1981 version of Rule 3.191(a)(1). The trial court agreed and granted the motion for discharge. The state appealed and this court affirmed in a three-judge panel opinion. 16 Fla. L. Weekly D2376. The defendant then filed a motion for rehearing en banc, which this court granted, as the case is clearly of "exceptional importance" to the continued viability of the speedy trial rule. Fla.R.App.P. 9.331(a).

II
Rule 3.191(a)(1), Florida Rules of Criminal Procedure, in effect at the time of the defendant's arrest in 1981, provides that, subject to certain exceptions not relevant here, "every person charged with a crime by indictment or information shall without demand be brought to trial ... within 180 days if the crime charged be a felony"; that "[t]he time periods established by this section shall commence when such person is taken into custody," that is, "when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged"; and that "if not brought to trial within such time [such person] shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime." This rule, however, has since been amended effective January 1, 1985, in two respects: (1) the speedy trial time without demand for a felony was reduced from 180 days to 175 days, and (2) the automatic discharge provision was removed in favor of a "fifteen-day window" enforcement provision which, in effect, gives the state an additional fifteen *316 days to try the defendant from the date of the motion for discharge. Fla.R.Crim.P. 3.191(i)(3) (1985). If, however, a defendant is arrested under the "old" speedy trial rule requiring 180 days to bring him/her to trial and the defendant moves for discharge on the original indictment or information at a time when the "new" speedy trial rule has taken effect, it is settled that (1) the 180-day rule governs as to the speedy trial limit applicable, and (2) the "fifteen-day window" provision [Fla. R.Crim.P. 3.191(i)] governs as to enforcement of the speedy trial rule.[3]
Rule 3.191(h)(2) further provides that "[t]he intent and effect of this [speedy trial] [r]ule shall not be avoided by the [s]tate by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode... ." Florida courts have long interpreted this rule to mean that "the [speedy trial] time within which a person must be tried cannot be extended by the state entering a nolle prosequi to a crime charged and then prosecuting new or different charges based on the same conduct or criminal episode."[4] Indeed, "[t]he purpose of Rule 3.191(h)(2) is to prevent the state from circumventing the speedy trial rule and extending the applicable time period by nolle prossing a charge and refiling a new information when the time limit approaches."[5] If the state wishes to extend the speedy trial limit based on extraordinary circumstances, it must apply to the trial court for an extension of such limits under Rule 3.191(d)(2), (f). "The state cannot avoid the intent and effect of this rule, and engineer its own extension of speedy trial time limits, by dropping one set of charges and later refiling different charges arising from the same criminal episode,"[6] else obviously the entire speedy trial rule would be fundamentally undermined.[7] It has therefore been held that the defendant is entitled to final discharge under both the "old" and "current" speedy trial rule where, as here, (a) the state nolle prosses an indictment or information before the speedy trial limit expires, (b) the applicable speedy trial limit thereafter expires without bringing the defendant to trial due to no fault of the defendant, and (c) the state subsequently refiles another information or indictment charging the same or other offenses based on the same criminal episode after the speedy trial limit has expired.[8]

*317 III

A
Turning to the instant case, it is clear that that the trial court was correct in its determination that the defendant was entitled to final discharge under the refiled indictment herein based on the 1981 version of Rule 3.191(a)(1). The defendant was arrested on May 20, 1981, for first-degree murder and was required to be brought to trial on this charge within 180 days thereafter under Rule 3.191(a)(1), to wit: November 17, 1981, Zabrani; see supra note 2; failure to do so, due to no fault of the defendant, required that the defendant be automatically discharged under Rule 3.191(a)(1). Without dispute, the defendant was not brought to trial by November 17, 1981 due to no fault of his own, and therefore was entitled to a final discharge. The fact that the state nolle prossed the indictment on November 9, 1981, before the speedy trial limit expired and thereafter refiled the same indictment nine years later on December 5, 1990, cannot, under established Florida law, change this result because the speedy trial limit cannot be unilaterally extended by the state through the use of its nolle pros and refile power, and such a defendant is entitled to a final discharge. See supra cases collected at notes 5-9.
Moreover, contrary to the state's argument which the court accepts today, I think that the holding in Bloom and Zabrani  requiring that the "fifteen-day window" enforcement provisions of Rule 3.191(i)(3) must be applied if in effect at the time of the filing of the motion for discharge where the defendant has been arrested under the "old" speedy trial rule with its automatic discharge provisions, Fla. R.Crim.P. 3.191(a)(1)  is inapplicable to this case because the Bloom-Zabrani holding applies only where the defendant, unlike this case, seeks final discharge under the original or an amended indictment or information. Bloom and Zabrani in no way dealt with, as here, a nolle prossed original indictment and a new indictment filed nine years after the expiration of the speedy trial limits  which, under established Florida law, has always entitled the defendant to final discharge on the refiled indictment. See supra cases collected at notes 5-9.

B
Assuming arguendo, however, that the automatic discharge provisions of the 1981 version of Rule 3.191(a)(1) were inapplicable to this case, the defendant would still be entitled to final discharge under the current speedy trial rule, notwithstanding Bloom and Zabrani which (a) in no way deal with the nolle pros issue presented herein, and (b) therefore cannot govern the instant case. State v. Agee, 588 So.2d 600, 604 (Fla. 1st DCA 1991). This is so because it has been held that Rule 3.191(i) is inapplicable and a defendant is entitled to final discharge under the current speedy trial rule where, as here, (a) the applicable speedy trial limit expires without bringing the defendant to trial due to no fault of the defendant, (b) the state nolle prosses the indictment or information before the speedy trial limit expires, and (c) the state refiles another indictment or information based on the same criminal episode months or years after the speedy trial limit expires.[9] In this respect, such a result is in complete accord with the established law that the state may not unilaterally extend the applicable speedy trial limit by use of its nolle pros and refile power, see supra cases collected at notes 5-9; in such circumstances, *318 Rule 3.191(i)(3) is inapplicable and the defendant is entitled to final discharge. Agee; Cook.
Indeed, as the First District has cogently demonstrated in State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), a contrary result fundamentally undermines the speedy trial rule and is therefore barred by Rule 3.191(h)(2) which prohibits the state from using its nolle pros and refile power to "avoid[]" "the intent and effect of this [speedy trial] [r]ule." Under such a contrary determination which the court embraces today, the state is able to nolle pros an indictment or information on the eve of the expiration of the speedy trial limit because, as is often the case, it has been unable to locate its essential witnesses for trial  and therefore need not move for an extension of the speedy trial limits as required by Rule 3.191(d)(2), (f). This nolle pros, in turn, prevents the defendant from filing an otherwise meritorious motion for discharge when the speedy trial time expires. Fla.R.Crim.P. 3.191(d)(1). The state is then able to refile the same indictment or information years after the speedy trial time has expired after locating its essential witnesses, and then, as here, successfully claim that it is entitled to fifteen more days to try the defendant from the filing of the defendant's admittedly meritorious motion for discharge. Obviously, the state cannot be allowed, under the established law, to unilaterally extend the speedy trial limit and with it the fifteen-day window provision of Rule 3.191(i)(3) by use of its nolle pros and refile power, else the speedy trial rule will become a virtual dead letter. See supra cases collected at notes 5-9.
Based on the above-stated analysis, the trial court's order discharging the defendant under the refiled indictment based on the speedy trial rule should, in my view, be affirmed in all respects. I, respectfully, dissent from the court's ill-advised holding to the contrary.
BARKDULL, BASKIN and GERSTEN, JJ., concur.
NOTES
[1] An argument might have been made here that the nine-year delay from the initial arrest to the date the defendant was brought to trial on the refiled indictment violated his constitutional speedy trial rights. In Doggett v. United States, ___ U.S. ___, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), the United States Supreme Court held that a federally indicted person who was unaware of his indictment, and due to specific acts of government negligence was arrested eight and one-half years after the indictment was issued, was presumptively prejudiced and entitled to relief under the Sixth Amendment's right to a speedy trial. That question, however, is not presented in this appeal.
[2] The State made no waiver argument in the trial court.
[3] The Supreme Court of Florida granted review of Agee, case no. 78,950, and heard oral argument on October 6, 1992.
[1] The 180th day from the defendant's arrest was November 16, 1981 which was a Sunday, so that the last day to try the defendant was the following Monday which was not a legal holiday, namely, November 17, 1981. See, e.g., Griffith v. State, 299 So.2d 618 (Fla. 2d DCA 1974).
[2] This motion was made after the jury panel had been sworn for voir dire examination, but before the jury was selected and was therefore arguably untimely. The state, however, failed to raise this point below and has accordingly waived the issue for appellate review. Tillman v. State, 471 So.2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."); State v. Foster, 505 So.2d 658 (Fla. 2d DCA 1987) (speedy trial discharge properly granted where state never brought to attention of trial court its argument as to timeliness of the hearing on the motion for discharge); Herman v. State, 396 So.2d 222, 227 (Fla. 4th DCA 1981) ("The state cannot raise timeliness for the first time on appeal"; state precluded from raising the alleged untimeliness of the defendant's challenge to a grand juror in case), cert. dismissed, 402 So.2d 610 (Fla. 1981); State v. Giardino, 363 So.2d 201, 202 (Fla. 3d DCA 1978) (state's argument of untimeliness of defendant's motion to dismiss was not properly preserved for appellate review where presented for first time on appeal and never brought to attention of trial court). In any event, this motion should, in my view, be treated as a motion for rehearing as to the trial court's denial of the defendant's prior motions for discharge which were all timely filed prior to the commencement of the trial herein.
[3] Bloom v. McKnight, 502 So.2d 422 (Fla. 1987); Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), approved, 506 So.2d 1035 (Fla. 1987).
[4] Fyman v. State, 450 So.2d 1250, 1252 (Fla. 2d DCA 1984) (opinion by Grimes, J.); Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976); State ex rel. Green v. Patterson, 279 So.2d 362, 363-64 (Fla. 2d DCA 1973).
[5] Stewart v. State, 491 So.2d 271, 272 (Fla. 1986).
[6] State v. McDonald, 538 So.2d 1352, 1353 (Fla. 2d DCA 1989).
[7] State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991).
[8] State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991) (defendant arrested for felony files a demand for speedy trial; state nolle prosses information before the speedy trial limit expires and refiles the same information almost two years later; defendant files motion for discharge on refiled information; held trial court correctly granted motion); Cook v. Snyder, 582 So.2d 1239 (Fla. 3d DCA 1991) (defendant arrested for felony; state nolle prosses information before 175-day speedy trial time expires based on the unavailability of alleged victim; approximately two months after the 175-day speedy trial limit expires, state refiles the same information; two days later, the defendant files a motion for discharge on the refiled information; held trial court erroneously denied the motion for discharge, prohibition granted); State v. Jordan, 436 So.2d 291 (Fla. 2d DCA 1983) (defendant charged by information with possession of a controlled substance and arrested pursuant thereto; information is subsequently nolle prossed; after the 180-day speedy trial limit expires, state files a new information charging delivery of cannabis arising out of same criminal episode; defendant files motion for discharge; held trial court properly granted the motion); compare State v. Kelly, 407 So.2d 257 (Fla. 2d DCA 1981); Wright v. State, 387 So.2d 1060, 1062 (Fla. 5th DCA 1980); State ex rel. Williams v. Cowart, 281 So.2d 527, 529 (Fla. 3d DCA), cert. denied, 286 So.2d 11 (Fla. 1973); see also State v. McDonald, 538 So.2d 1352 (Fla. 2d DCA 1989) (defendant arrested for two misdemeanors: petit theft and resisting arrest without violence; 90-day speedy trial time for misdemeanors elapse and the state immediately nolle prosses the case; seven days later, state files information charging resisting arrest without violence; defendant files motion for discharge; held trial court correctly granted motion as to misdemeanor of resisting arrest without violence); State ex rel. Bird v. Stedman, 223 So.2d 85 (Fla. 3d DCA 1969) (state nolle prosses information just before expiration of speedy trial limit and refiles the same information after speedy trial limit expires; defendant files motion for discharge under speedy trial statute, Section 915.01(2), Fla. Stat. (1971); held trial court erroneously denied motion to discharge).
[9] State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991); Cook v. Snyder, 582 So.2d 1239 (Fla. 3d DCA 1991); see also State v. McDonald, 538 So.2d 1352 (Fla. 2d DCA 1989); cf. State v. Williams, 597 So.2d 960 (Fla. 5th DCA) (state may not extend the 15-day window period by a nolle pros effected during said period), juris. accepted, 605 So.2d 1268 (Fla. 1992) (no. 79,976); compare Wills v. Wilson, 586 So.2d 468 (Fla. 3d DCA 1991).