642 So.2d 1359 (1994)
Todd DORIAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 82060.
Supreme Court of Florida.
October 6, 1994.
*1360 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., Katherine Fernandez Rundle, State Atty. and Lisa Berlow-Lehner, Asst. State Atty., Miami, for respondent.
SHAW, Justice.
We have for review State v. Dorian, 619 So.2d 311 (Fla. 3d DCA 1993), based on conflict with State v. Agee, 622 So.2d 473 (Fla. 1993). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Dorian.
Todd Dorian was arrested May 20, 1981, and charged with first-degree murder. Trial was set for September 8, 1981. The State moved for a continuance because it was unable to locate a witness, and trial was reset for October 26, 1981, but was again postponed. The State entered a nolle prosequi on the charge on November 7, 1981, nine days before the running of the speedy trial period, and Dorian was released.
Six years later, in October 1987, Dorian was arrested on unrelated robbery charges and while in custody made allegedly incriminating statements concerning the 1981 murder. Three years later, on November 7, 1990, Dorian was re-indicted on the 1981 murder charge. He was arrested the following month.
Two weeks after the jury was sworn on the murder charge, Dorian moved for discharge under the speedy trial rule, and the trial court agreed, discharging him. The district court reversed, ruling that the State had a fifteen-day "window of recapture" in which to try Dorian after he filed his motion for discharge.
Two weeks after the district court denied rehearing in Dorian, this Court issued State v. Agee, 622 So.2d 473 (Fla. 1993), in which we stated:
[W]e hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
Id. at 475.
Agee is controlling. We quash the decision of the district court below in Dorian.
It is so ordered.
GRIMES, C.J., and HARDING and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which OVERTON, J., concurs.
KOGAN, J., recused.
WELLS, Justice, dissenting.
I dissent, and I would approve the decision of the district court in this case.
The facts underlying this decision began with the arrest of Todd Dorian on May 20, 1981, for the murder by strangulation of George Litwin. A grand jury indicted him for first-degree murder and first-degree arson. The indictment was nolle prossed because of the State's inability to locate its witnesses. Six years later, Dorian was arrested on unrelated robbery charges. At the time of that arrest, Dorian allegedly confessed to the 1981 murder and arson charges.
In 1990, Dorian was reindicted for the 1981 murder to which he had allegedly confessed in 1987. He was arrested the following month. Dorian moved for dismissal under the speedy trial rule as amended in 1984.[1] The motion was denied. The murder indictment proceeded to trial. Two weeks into the murder trial, Dorian again moved for discharge, but under the pre-1985 speedy trial *1361 rule which mandates automatic discharge upon the filing of the motion. The trial court found that the 1981 dismissal and the 1990 refiling were not acts of bad faith by the prosecution. However, the trial court granted the motion, discharging Dorian under the pre-1985 speedy trial rule. The district court reversed.
I agree with the dissent in Agee, I particularly agree with the view that our procedural speedy trial rule should not be interpreted so technically that it prevents prosecution in instances where there is no evidence that the State has acted tactically or in bad faith in a prior dismissal. It is my view that procedural rules should not be implemented in a way that court procedures impede rather than facilitate adjudication of cases on their merits.
Here, the trial court determined that the 1981 dismissal was not an act of prosecutorial bad faith. The defendant has allegedly confessed to first-degree murder, a crime for which there is no statute of limitations. Implementing the speedy trial rule so that this defendant is discharged solely for a procedural reason clearly frustrates the public's interest in having this case decided on its merits.
I agree with the district court's adoption of the federal courts' approach to the Speedy Trial Clause of the Sixth Amendment to the United States Constitution as approved in United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). I would hold directly that the running of the speedy trial period set out in Florida Rule of Criminal Procedure 3.191 is tolled with the dismissal of an indictment unless the trial court determines that the dismissal was solely tactical or made in bad faith. The United States Supreme Court held, and I agree, that this approach does not violate a defendant's constitutional right to a speedy trial. In MacDonald the court made the essential point:
The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations.
456 U.S. at 8, 102 S.Ct. at 1502. Such an analysis protects both the rights of the defendant and the rights of the public.
Finally, it is my view that this case should be controlled by the procedural rule in effect at the time that the motion for discharge was filed. Therefore, the 1985 version of the speedy trial rule, with its 15-day window period, should apply to this case.
OVERTON, J., concurs.
NOTES
[1] Former Florida Rule of Criminal Procedure 3.191(i)(3) (effective January 1, 1985) reads as follows:

No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.