PER CURIAM.
On review of the denial of the appellant’s application for 3.850 relief from his judgment and sentence, we have concluded that the record is insufficient to support the rejection of the claim that, under the circumstances, his counsel was constitutionally deficient in failing timely to press for his discharge on speedy trial grounds. See Genden v. Fuller, 648 So.2d 1183 (Fla.1994); State v. Agee, 622 So.2d 473 (Fla.1993); Zabrani v. Cowart, 506 So.2d 1035 (Fla.1987), overruled, State v. Agee, 622 So.2d 473 (Fla.1993); Bloom v. McKnight, 502 So.2d 422 (Fla.1987), overruled, State v. Agee, 622 So.2d 473 (Fla.1993); State v. Dorian, 619 So.2d 311 (Fla. 3d DCA 1993), quashed, 642 So.2d 1359 (Fla.1994); Williams v. Shapiro, 575 So.2d 1368 (Fla. 3d DCA 1991). See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bottoson v. Singletary, 685 So.2d 1302 (Fla.1997); Cox v. State, 407 So.2d 633 (Fla. 3d DCA 1981), review denied, 415 So.2d 1359 (Fla.1982); Blatch v. State, 389 So.2d 669, 672-73 (Fla. 3d DCA 1980). The cause is remanded for determination of this issue after a frill evidentiary hearing.